NATIONAL BANK OF
TEXAS, Appellant,

*v.*

FIRST NATIONAL BANK OF ROUND
ROCK, Appellee.

No. 12–83–0099–CV.

Court of Appeals of Texas,
Tyler.

Nov. 8, 1984.

---

B. Weldon Ponder, Coffee, Golston & Vogt, Austin, for appellant.

Randy E. Drewett, Groves, for appellee.

Mark T. Mitchell, Stubbeman, McRae, Sealy, Laughlin & Browder, for appellant, on Bill of Review only.

SUMMERS, Chief Justice.

The question presented in this appeal is whether appellee, First National Bank of Round Rock (hereafter referred to as "First National"), is entitled to a bill of review to set aside a default judgment. The trial court granted the bill of review. We reverse the judgment of the trial court and render judgment for appellant.

On November 28, 1979, appellant, National Bank of Texas (hereafter referred to as "National"), obtained a judgment against Robert Leffingwell in Cause No. 297,331 in the 98th District Court of Travis County, Texas. After the judgment became final and nonappealable, National applied for a writ of garnishment against First National in an attempt to satisfy the judgment. The garnishment action was docketed as Cause No. 304,796 in the same District Court of Travis County. A writ of garnishment was issued and delivered to First National. The president of First National, Jon E. Sloan, filed a pro se answer to the garnishment action in the form of a letter addressed to the Judge of the 98th District Court of Travis County. Although the copy of the writ of garnishment served on Sloan clearly states that the garnishment action was docketed as Cause No. 304,796, Sloan captioned the letter as follows: "RE: Cause # 297,331 National Bank of Texas v. Leffingwell." The district clerk received the letter before the answer to the garnishment suit was due; however, in accordance with the reference in the letter, the clerk placed the letter among the

papers of the original debt action. Therefore, no answer was placed in the file of the garnishment suit.

A default judgment was entered in the garnishment suit on June 5, 1980, against First National for the total amount of the judgment against Leffingwell. On June 12, 1980, the district clerk mailed a notice of the default judgment to First National in compliance with former Rule 306d (Vernon 1977).[1] First National received the notice on June 18, 1980, which was thirteen days after the judgment was entered. First National employed counsel who prepared a motion for new trial to set aside the default judgment. The attorney mailed the motion to the district clerk on July 3, 1980. The district clerk received and filed the motion on July 7, 1980. The attorney did not ask for a hearing or otherwise attempt to present the motion to the trial judge before the judgment became final on July 7, 1980.[2] Instead of perfecting appeal or filing a petition for writ of error, First National filed this bill of review on January 6, 1981, six months after the judgment became final. After the bill of review hearing, the trial court found that First National had filed a legally sufficient answer in the garnishment suit and that the answer was not presented to the court before the default judgment was rendered due to the official mistake of the district clerk. The court also found that First National was diligent in filing the answer and therefore was not negligent in allowing the default judgment to be entered. After granting the bill of review, the trial judge set aside the default judgment and entered a take nothing judgment against National in the writ of garnishment proceeding.

▉ A party seeking to set aside a default judgment by a bill of review must demonstrate that his failure to present a meritorious defense was the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979). It is uncontroverted that the pro se answer was timely filed. However, the answer was not presented to the court because the district clerk placed it with the papers of the original debt action. The trial court held that the clerk made an official mistake by filing the answer in the debt action notwithstanding the erroneous reference in the letter to the debt action. National has not presented a point of error regarding the court's finding of official mistake; therefore, we cannot review that finding.

▉ However, National asserts in its fifth point of error that First National failed to exhaust its legal remedies before filing its petition for bill of review. As in all equitable proceedings, a party must show that he has no adequate remedy at law before he is entitled to a bill of review. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). It is uncontroverted that First National received notice of the default judgment on June 18, 1980, which was thirteen days after the judgment was rendered. The trial judge had plenary power over the default judgment until July 7, 1980, under Rule 4 and former Rule 329b(5) (Vernon 1977). First National had nineteen days to present a motion for new trial to the trial judge for his approval even though the motion could not be used for purposes of appeal.[3] First National's attorney mailed the motion for new trial to the district clerk twenty-eight days after the judgment was rendered instead of presenting the motion to the judge before the judgment became final four days later. Therefore, First National negligently failed to take steps to prevent the judgment from becoming final notwithstanding the ample

---

1. All references to rules are to the Texas Rules of Civil Procedure.

2. The thirtieth day after the judgment was rendered fell on Saturday, July 5, 1980. Under Rule 4, the judgment became final on the following Monday. *See Dupree v. Piggly Wiggly Shop Rite Foods, Inc.*, 542 S.W.2d 882, 890 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

3. At the time the default judgment was entered, Rule 329b(1) provided that a motion for new trial had to be filed within ten days from the date judgment was rendered. Since First National did not receive notice of the default judgment until thirteen days after it was rendered, a motion for new trial could not be timely filed in order to become reviewable on appeal.

opportunity to do so. *See Mackay v. Charles W. Sexton Co.,* 469 S.W.2d 441 (Tex.Civ.App.—Dallas 1971, no writ).

First National also failed to perfect appeal after the judgment became final. The answer was legally on file once it was in the district clerk's custody. Therefore, the answer was part of the record and would be part of the appellate transcript. *See* Rule 376. Had First National perfected appeal, the appellate court could have properly reversed the default judgment since an answer was on file. Also, because the error was on the face of the record, First National had six months after the default judgment was rendered in which to appeal by writ of error to the Court of Appeals. Instead, First National chose to wait six months and file this bill of review. Because First National failed to exhaust the available legal remedies to set aside the default judgment, it is not entitled to a bill of review to achieve the same result. *French v. Brown,* 424 S.W.2d 893 (Tex. 1967). National's fifth point of error is sustained. We do not reach National's other points of error since our holding on this point of error is dispositive of the appeal.

The judgment of the trial court is reversed and judgment is rendered that the default judgment in favor of National Bank of Texas be reinstated.