**WINROCK HOUSTON ASSOCIATES LIMITED PARTNERSHIP d/b/a Briarwest Apartments, Appellant,**

v.

**Rick BERGSTROM, Appellee.**

No. C14–93–00384–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 5, 1994.

Michael G. Tapp, Houston, for appellant.

Paul W. Nimmons, Jr., Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment granting a bill of review, setting aside a default judgment and a writ of possession, and dismissing a forcible detainer action. In two points of error, appellant argues that the trial court erred in: (1) finding that appellee exercised diligence in attempting to have the default judgment reviewed by writ of error; and (2) granting the bill of review because appellee failed to properly pursue his legal remedy. We affirm.

On November 15, 1989, appellant, Winrock Houston Associates Limited Partnership d/b/a Briarwest Apartments, filed a sworn complaint for forcible detainer against appellee, Rick Bergstrom, for non-payment of rent. On November 22, 1989, a deputy constable filed an Officer's Sworn Request for Alternative Service Under Rule 742A alleging that he had unsuccessfully attempted personal service on appellee under Rule 742. The trial court issued an Order Authorizing Alternative Service Under Rule 742A.

On December 4, 1989, a default judgment was entered in favor of appellant against appellee. On December 13, 1989, the trial court issued a writ of possession. On December 19, 1989, a deputy constable executed the writ of possession and removed appellee's property from his apartment. Appellee did not learn of the default judgment until December 19, 1989, when he returned home from work and found that the locks on his doors had been changed and his property had been removed.

On March 22, 1990, appellee filed his Petition for Writ of Error to the First Court of Appeals. On its own motion, that court dismissed the appeal because it did not have jurisdiction. The court held that appellee must first appeal to the county or district court and obtain a ruling in either of those courts before he can complain to that court.

Following the opinion of the First Court of Appeals, appellee filed his Petition for Writ of Error in the County Civil Court at Law No. 3 on May 3, 1990. In April 1991, appellee filed a motion to dismiss for lack of jurisdiction, which was granted by the county court on May 8, 1991.

On July 19, 1991, appellee filed his Petition for Writ of Error to this court. He deposited his cash in lieu of appeal bond on July 24, 1991. We dismissed the appeal on October 10, 1991. We found that appellant failed to perfect his appeal timely by filing a cash bond more than 30 days after entry of the judgment of dismissal and that he could not avail himself of an appeal by writ of error because he was the movant in the county court proceeding.

On March 10, 1992, appellee filed his Petition for Bill of Review in the justice court. On May 11, 1992, the court denied the petition. Appellee appealed the denial to the County Court at Law No. 3, which granted the petition for bill of review.

On April 13, 1993, the trial court filed the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff's Exhibits Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 are all authentic, true, correct and certified copies of the original documents and do not require further authentication for tender into evidence.

2. At all times pertinent to this litigation, Winrock Houston Associates Limited Partnership is and has been the owner of the Briarwest Apart-

ments and has done business as "Briarwest Apartments."

3. During 1989, Rick Bergstrom was a tenant of the Briarwest Apartments.

4. On November 15, 1989, Winrock, doing business as Briarwest Apartments, filed a Complaint for Forcible Detainer in the Justice Court, Precinct 5, Position 1, Harris County, Texas under Case No. 91700, hereinafter referred to as Case No. 91700. Plaintiff's Exhibit 5 is a copy of the Sworn Complaint for Forcible Detainer or Forcible Entry & Detainer filed by Winrock in Case No. 91700. Plaintiff's Exhibit 4 is a copy of the Fee Officer's Official Receipt for the filing fee in Case No. 91700.

5. On November 22, 1989, the deputy constable in Precinct 5 filed a Motion and a Sworn Request for Alternative Service Under Rule 742A in Case No. 91700. Plaintiff's Exhibit 7 is a copy of the Motion filed in Case No. 91700. Plaintiff's Exhibit 8 is a copy of the Officer's Sworn Request for Alternative Service Under Rule 742A filed in Case No. 91700.

6. On November 22, 1989, Judge Paul Heath Till issued an Order Authorizing Alternative Service Under Rule 742A in Case No. 91700. Plaintiff's Exhibit 9 is a copy of that Order.

7. Plaintiff's Exhibit 6 is a copy of the Citation in Forcible Detainer together with Officer's Return filed in Case No. 91700.

8. On December 4, 1989, a Default Judgment was entered in favor of Briarwest Apartments against Rick Bergstrom in Case No. 91700, a copy of which is Plaintiff's Exhibit 10.

9. On December 13, 1989, a Writ of Possession was issued by Judge Paul Heath Till in Case No. 91700. Plaintiff's Exhibit 11 is a copy of Fee Officer's Official Receipt showing payment of the $45.00 fee for issuance and service of the Writ of Possession.

10. On December 19, 1989, Briarwest Apartments issued its directive to the constable to remove the defendant and his possessions from the Briarwest Apartments. Plaintiff's Exhibit 13 is a copy of that directive to constable.

11. On December 19, 1989, a deputy constable of Precinct 5 executed the Writ of Possession and removed the property of Rick Bergstrom from the Briarwest Apartments. Plaintiff's Exhibit 14 is a copy of the constable's return of the Writ of Possession in Case No. 91700.

12. On March 22, 1990, Rick Bergstrom filed his Petition for Writ of Error in Case No. 91700. Plaintiff's Exhibit 16 is a copy of the Petition for Writ of Error. Plaintiff's Exhibit 17 is a copy of the Clerk's Certificate of Cash Deposit in Lieu of Appeal Bond filed on behalf of Rick Bergstrom in Case No. 91700.

13. On April 19, 1990, the Court of Appeals for the First District of Texas dismissed the petition for writ of error. Plaintiff's Exhibits 18 and 19 are copies of the Opinion of the Court of Appeals and the Judgment of the Court of Appeals on Rick Bergstrom's Petition for Writ of Error filed in Case No. 91700.

14. On May 3, 1990, Rick Bergstrom's Petition for Writ of Error was filed with the Harris County Civil Court at Law No. 3 under Cause No. 563,-008, hereinafter referred to as Cause No. 563,008. Plaintiff's Exhibit 20 is a copy of Rick Bergstrom's filing letter filed in Cause No. 563,008. Plaintiff's Exhibit 21 is a copy of Fee Officer's Official Receipt for the filing fee of the Petition for Writ of Error in Cause No. 563,008. Plaintiff's Exhibit 23 is a copy of the county clerk's letter acknowledging filing and payment of the filing fee. Plaintiff's Exhibit 22 is a copy of the Petition for Writ of Error in Cause No. 563,008. Plaintiff's Exhibit 24 is a copy of the justice clerk's Certifi-

cate of Cash Deposit in Lieu of Appeal Bond filed on behalf of Rick Bergstrom filed in Cause No. 563,-008.

15. In April, 1991, Rick Bergstrom filed a motion in Cause No. 563,008 to dismiss for lack of jurisdiction, which was granted on May 8, 1991. Plaintiff's Exhibits 25 and 26 are copies of Rick Bergstrom's Motion to Dismiss for Lack of Jurisdiction and the Order of Dismissal signed by Hon. Carolyn Day Hobson.

16. On July 16, 1991, Rick Bergstrom filed his Petition for Writ of Error in Cause No. 563,008. Plaintiff's Exhibit 27 is a copy of Rick Bergstrom's Petition for Writ of Error in Cause No. 563,008. Plaintiff's Exhibit 28 is a copy of the Clerk's Certificate of Cash Deposit in Lieu of Appeal Bond covering the Petition for Writ of Error filed in Cause No. 563,008.

17. On October 10, 1991, the Court of Appeals for the Fourteenth District of Texas dismissed Rick Bergstrom's Petition for Writ of Error filed in Cause No. 563,008. Plaintiff's Exhibits 29 and 30 are copies of the Opinion and the Judgment of the 14th Court of Appeals. On November 7, 1991, the Court of Appeals for the Fourteenth District of Texas overruled Bergstrom's Motion for Rehearing. A copy of the court's letter order is attached as Plaintiff's Exhibit 31. Bergstrom did not file an application for writ of error to the Supreme Court.

18. On March 10, 1992, Rick Bergstrom filed his petition for Bill of Review in the Justice Court, Precinct 5, Position 1, Harris County, Texas, under Case No. 5100110385. On May 11, 1992, Judge Paul Heath Till denied the Petition for Bill of Review in Case No. 5100110385. This is an appeal from the denial of that Petition for Bill of Review. All parties are properly before this court.

19. No attempt was ever made to serve Rick Bergstrom with citation in Case No. 91700 at his work address.

20. No citation in Case No. 91700 was ever delivered to Rick Bergstrom at any location.

21. Rick Bergstrom was never served with citation in Case No. 91700.

22. Rick Bergstrom did not learn that a default judgment had been rendered against him until the evening of December 19, 1989 when he returned home from work and found that the locks on the doors had been changed and his property removed.

23. Rick Bergstrom was not at fault or negligent for not answering or appearing in Case No. 91700.

24. Rick Bergstrom exercised diligence in attempting to have the default judgment reviewed by writ of error.

*Conclusions of Law*

1. Rick Bergstrom was never served with citation in Case No. 91700.

2. By failing to attempt service upon Rick Bergstrom at his work address, the constable failed to comply with Rule 742a, TEX.R.CIV.P. for substitute service.

3. The attempted substitute service under Rule 742a was invalid.

4. The Justice Court did not acquire personal jurisdiction over Rick Bergstrom in Case No. 91700.

5. The default judgment in Case No. 91700 is void and must be set aside.

6. Rick Bergstrom did not have an available appeal to the county court because the 5–day time limit for filing an appeal in a forcible entry and detainer under Rule 749, TEX.R.CIV. P., had expired before Rick Bergstrom learned that a judgment had been entered against him.

7. Rick Bergstrom diligently exhausted all appellate avenues.

8. Bill of Review is the only remedy available to Rick Bergstrom.

9. The Petition for Bill of Review should be granted.

We note that appellant only challenges finding number 24. The remaining findings have not been challenged on appeal, so we are bound by those findings. *See* TEX.R.CIV.P. 299; *Baccus v. Baccus,* 808 S.W.2d 694, 699 (Tex.App.—Beaumont 1991, no writ).

In its first point of error, appellant contends that the county court erred in finding that appellee exercised diligence in attempting to have the default judgment reviewed by writ of error because the evidence conclusively established the opposite. Specifically, appellant argues that the evidence is conclusive that appellee failed to timely prosecute his appeal. In its second point of error, appellant asserts that the county court erred in granting the bill of review because appellee failed to properly pursue his legal remedies.

■ A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. Corp. v. Briscoe,* 722 S.W.2d 407, 407 (Tex.1987); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). Rule 329b(f) of the Texas Rules of Civil Procedure governs a bill of review and provides:

> On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law ...

TEX.R.CIV.P. 329b(f).

■ Although the term "sufficient cause" is not defined by the rules, the Texas Supreme Court has set out what a petitioner must allege and prove in order to invoke a bill of review and set aside a final judgment. Generally, a petitioner can invoke a bill of review by pleading and proving: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which the petitioner was prevented from making by the fraud, accident, or wrongful act of the opposite party; and (3) unmixed with any fault or negligence on the petitioner's part. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex. 1989); *Baker,* 582 S.W.2d at 406–07.

■ The courts have relaxed these requirements in instances where the party petitioning for the bill of review seeks to set aside a default judgment on the basis that he was not served with process. Under those circumstances, the petitioner need not prove the requirement of fraud, accident or wrongful act of the opposite party. *Texas Indus. Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex. 1975). Nor does he have to prove a meritorious defense. *See Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 86–87, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988).

■ Here, the trial court found, without challenge, that no attempt was ever made to serve appellee at his work address, that no citation was ever delivered to appellee at any location, and that appellee was never served with citation. Thus, appellee is entitled to a bill of review if he can demonstrate that he was free from fault or negligence in letting the judgment be taken. This requirement not only encompasses whether a petitioner was negligent in allowing the trial court to render the default judgment against him, but also whether he exercised due diligence in availing himself of all legal remedies against the former judgment. *See Magan v. Hughes Tele. Network, Inc.,* 727 S.W.2d 104, 105 (Tex.App.—San Antonio 1987, no writ); *Carroll v. Carroll,* 580 S.W.2d 410, 412 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). One who has neglected to pursue an alternative legal remedy such as a motion for new trial, an appeal, or a writ of error is not entitled to seek equitable relief by way of bill of review. *See Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980); *Nat'l Bank v. First Nat'l Bank,* 682 S.W.2d 366, 369 (Tex.App.— Tyler 1984, no writ). When the petitioner files the bill of review, he must show that there remains no adequate legal remedy still available. *Tice,* 767 S.W.2d at 700.

In the present case, the trial court found, without challenge, that appellee did not learn that a default judgment had been rendered against him until December 19, 1989, and that he was not at fault or negligent for not answering or appearing in the case. The trial court also found, with challenge, that appellee exercised diligence in attempting to

have the default judgment reviewed by writ of error. The trial court concluded that appellee did not have an available appeal to the county court because the five-day time limit for filing an appeal in a forcible entry and detainer under Rule 749 had expired before appellee learned that a judgment had been entered against him. The trial court further concluded that appellee diligently exhausted all appellate avenues, and the bill of review is the only remedy available to him.

■ We must determine if appellee had diligently pursued all of his available legal remedies when he filed his petition for bill of review. Generally, there are two methods of obtaining relief from the judgment of a justice court: (1) by appeal; and (2) by writ of certiorari. Tex.Civ.Prac. & Rem.Code Ann. §§ 1.001, 51.002 (Vernon 1986). However, in forcible entry and detainer cases, as here, the only method of obtaining relief in the county court is by appeal. Forcible entry and detainer actions may not be removed by writ of certiorari. Tex.Civ.Prac. & Rem.Code Ann. § 51.002(d) (Vernon 1986); *Chang v. Resolution Trust Corp.*, 814 S.W.2d 543, 544 (Tex.App.—Houston [1st Dist.] 1991, no writ). Such actions are reviewable *only* by appeal to the county court. *Id.; see also* Tex.R.Civ.P. 749.

Rule 749 of the Texas Rules of Civil Procedure governs appeals in forcible entry and detainer actions and provides in pertinent part:

> In appeals in forcible entry and detainer cases, no motion for new trial shall be filed. Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within *five days* after the judgment is signed, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him.

Tex.R.Civ.P. 749.

■ In this case, the record reveals that the default judgment was entered against appellee on December 4, 1989, and he did not learn of the judgment until 15 days later on December 19, 1989. At this point, appellee did not have an available appeal to the county court because the five-day time limit for filing an appeal had already expired. Tex. R.Civ.P. 749. Further, the county court did not have jurisdiction over an appeal for which a timely appeal from the judgment of the justice court was not perfected. *Id.; see also Stegall v. Cameron,* 601 S.W.2d 771, 773 (Tex.Civ.App.—Dallas 1980, writ dism'd). Thus, the default judgment had become final and unappealable. We find that appellee did not have an available appeal to the county court.

■ Appellant, however, argues that the county court had jurisdiction of the appeal by writ of error from the justice court. We disagree. Appellant has failed to present any authority to support this contention. There is no rule authorizing an appeal by writ of error to the county court from a judgment of the justice court. However, we note that a writ of error is available to the *court of appeals* from a final judgment of the district or county court. Tex.Civ.Prac. & Rem.Code Ann. § 51.012 (Vernon 1986). Alternatively, appellant argues that if the county court did not have jurisdiction, appellee still had legal remedies he did not pursue.

■ We must consider whether appellee exercised due diligence to have the default judgment reviewed by writ of error. The writ of error is another mode of appeal whereby the appellee would be entitled to a full review to the same extent as on a direct appeal. *Smith v. Smith,* 544 S.W.2d 121, 122 (Tex.1976). To proceed by writ of error, the petitioner must show: (1) his petition for writ of error was filed within six months after final judgment was rendered; (2) that he did not participate in the actual trial of the case in the trial court; and (3) that invalidity of the judgment appeared on the face of the record. *Barrera v. Barrera,* 668 S.W.2d 445, 447 (Tex.App.—Corpus Christi 1984, no writ).

■ In the instant case, appellee filed his first Petition for Writ of Error to the First Court of Appeals on March 22, 1990. The record clearly reveals that appellee had met the first two requirements for appeal by writ

of error, since his petition was filed within six months of the date the default judgment was entered, and it's undisputed that he did not participate in any manner in the proceedings in the justice court. The determinative issue is whether the invalidity of the judgment appears from the face of the record. This error must be disclosed by the papers filed in the case. *Pace Sports, Inc. v. Davis Brothers Publishing, Inc.*, 514 S.W.2d 247, 247–48 (Tex.1974).

In his Petition for Writ of Error, appellee contended that error was apparent on the face of the record. He argued that he was never personally served with citation, and the requisites for service by delivery to the premises under Rule 742a were not strictly complied with. Rule 742a provides that service of citation may be by delivery to the premises:

> If the sworn complaint lists all home *and* work addresses of the defendant which are known to the person filing the sworn complaint and ... If the officer receiving such citation is unsuccessful in serving such citation under Rule 742, the officer shall no later than 5 days after receiving such citation execute a sworn statement that the officer has made diligent efforts to serve such citation on at least two occasions *at all addresses* of the defendant in the county where the premises are located as may be shown on the sworn complaint, stating the times and places of attempted service.

In this case, the sworn complaint filed by appellant in the justice court listed both appellee's home address (2030 Winrock, # 531, Houston, Texas 77057) and his work address (12810 Westheimer, Houston, Texas 77057). However, the Officer's Sworn Request for Alternative Service under Rule 742a states that the officer attempted three times to serve appellee at *only* his home address. The officer's sworn request does not state that he ever attempted to serve appellee at his work address as shown on the sworn complaint and as required by Rule 742a. Therefore, the requirements of Rule 742a for substituted service by delivery to the premises were not strictly complied with, and appellee was not properly served with

citation. A default judgment entered following substituted service is void where there has not been strict compliance with the rules relating to service of citation. *See Ashley Forest Apartments v. Almy,* 762 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1988, no writ). We find that error is apparent on the face of the record, and the default judgment rendered against appellee is void.

The record reveals that appellee had met all three requirements for appeal by writ of error. However, the First Court of Appeals dismissed, on its own motion, appellee's petition and found that he must first file an appeal with the county or district court before appealing to the court of appeals. That court relied on Rule 574b which provides that on appeal:

> The cause shall be tried de novo in the county or district court and judgment shall be rendered.

TEX.R.CIV.P. 574b. Based on the present state of the law, the First Court of Appeals had no choice but to dismiss the petition because there is no rule authorizing appeal by writ of error directly to the court of appeals from a justice court.

Based on the opinion of the First Court of Appeals, appellee filed his second Petition for Writ of Error with the County Civil Court at Law No. 3 on May 3, 1990, within six months after the final judgment was entered. As stated, there is no rule authorizing appeal by writ of error to the county court from the justice court. The only two options are a direct appeal or appeal by writ of certiorari. Here, neither of these options were available to appellee. The rules governing forcible detainer actions, as here, explicitly prohibit appeal by writ of certiorari. TEX.CIV.PRAC. & REM.CODE ANN. § 51.002(d) (Vernon 1986). Since an appeal was not perfected within the five-day time limit, the county court did not acquire jurisdiction. TEX.R.CIV.P. 749. Thus, any order, other than an order of dismissal, entered by the county court would be void. *See Cavazos v. Hancock,* 686 S.W.2d 284, 287 (Tex.App.—Amarillo 1985, no writ); *Stegall,* 601 S.W.2d at 773. Accordingly, the county court properly dismissed, on appellee's motion, the appeal for lack of jurisdiction on May 8, 1991.

Appellee then attempted to appeal to this court by filing a cash deposit on July 24, 1991, and filing his third Petition for Writ of Error on July 19, 1991. We dismissed the appeal for want of jurisdiction on October 10, 1991. We found that appellee failed to perfect his appeal timely by filing the cash bond more than 30 days after entry of the judgment of dismissal. TEX.R.APP.P. 41(a)(1). We also found that appellee could not avail himself of an appeal by writ of error because he was the movant in the county court proceeding. No party who participates in the trial of the cause shall be entitled to review by writ of error. TEX.R.APP.P. 45(b).

 Based on the record before us, we agree with the trial court that appellee exercised due diligence in attempting to have the default judgment reviewed by writ of error. Faced with an expired appellate deadline to the county court and a legal gap in the writ of error option, appellee pursued all reasonable avenues available. Had his options been more clear, we might view this case differently. It is true that appellee might have pursued his uncertain options more speedily. But in view of the fact that he was confronting a legal maze that often led nowhere and turned on itself, we find his delay understandable. Because of the hiatus in the law as to writs of error from justice courts and in keeping with the liberal construction of the rules as mandated by Rule 1, we find that appellee diligently exhausted all legal remedies realistically available to him. TEX. R.CIV.P. 1. Thus, the trial court correctly granted the petition for bill of review and set aside the default judgment. Accordingly, we overrule appellant's first and second points of error.

Appellee brings a cross-point requesting this court to impose sanctions against appellant. TEX.R.APP.P. 84. Where an appeal is taken for delay and without sufficient cause, Rule 84 authorizes an award to the prevailing appellee of up to 10% of the amount of damages. Where the record shows that an appellant has no reasonable expectation of reversal and pursues the appeal in bad faith, sanctions may be imposed. *Maronge v. Cityfed Mortgage Co.*, 803 S.W.2d 393, 396 (Tex.App.—Houston [14th

Dist.] 1991, no writ). We, however, find that sanctions are not merited in this case. We overrule appellee's cross-point.

We affirm the judgment of the trial court.