Reversed and Remanded and Memorandum Opinion filed March 25, 2004









Reversed and Remanded and Memorandum Opinion filed
March 25, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00296-CV

____________

 

GAYLA GRANDERSON, Appellant

 

V.

 

CORNELIUS A. ROSS,
III,
Appellee

 



 

On Appeal from the County
Court at Law

Waller County, Texas

Trial Court Cause No. 02-11-16,600

 



 

M E M O R A N D U M   O P I N I O N

Gayla Granderson (AGranderson@) appeals the
trial court=s denial of her bill of review.  Through a bill of review, Grandson requested
a new trial in an attempt to set aside a default judgment rendered against her
in a child custody suit.  In her bill of
review, Granderson challenges service. 
Namely, she argues that the service was defective because she did not
receive a complete copy of Ross=s petition.  A bill of review hearing was held solely on
the issue of service.  Finding that  service had been properly completed on
Granderson, the trial court denied the bill of review.   We reverse and remand.








          The underlying lawsuit, cause number
95-01-13,327, concerned custody of three minor children.  Appellee, Cornelius A. Ross, III, (ARoss@) filed a motion
to modify the parent child relationship asking to be named as the managing
conservator.  The trial court granted
Ross=s request at a
hearing held on July 2, 2002.  Granderson
received actual notice of the default judgment on July 2, 2002, when Ross
arrived to pick the children up. 

We review the grant or denial of a bill of
review under an abuse of discretion standard. 
Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  The trial court may only be
reversed Aif it has acted in an unreasonable or
arbitrary manner, or without reference to any guiding rules and principles.@ Id. (citing
Beamont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991)).  The appellate court is not permitted to
substitute its judgment merely because it disagrees with the trial court=s decision.   Id. 
There is no abuse of discretion where there is some evidence that
reasonably supports the trial court=s decision.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex.
2002).     








To prevail upon a bill of review, a plaintiff
must establish: A(1) a meritorious defense to the cause of
action alleged to support the judgment; (2) an excuse justifying the failure to
make that defense which is based on the fraud, accident or wrongful act of the
opposing party; and (3) an excuse unmixed with the fault or negligence of the
petitioner.@  Beck
v. Beck, 771 S.W.2d 141, 141 (Tex. 1989).[1]  However, the plaintiff is not required to
prove a meritorious defense if her claim is that the judgment is void for lack
of service.  Peralta v. Heights Med. Ctr.,
485 U.S. 80, 86 (1988).   Additionally,
by alleging lack of service, the plaintiff need not prove that her failure to
respond was based upon the fraud, accident, or wrongful act of the opposing
party.  Winrock Houston Assocs., Ltd.
v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.CHouston [14th Dist.] 1994, no writ).  

A bill of review is a direct attack on a
default judgment.  Dispensa v. Univ.
State Bank, 987 S.W.2d 923, 925 n.1 (Tex. App.CHouston [14th Dist.] 1999, no pet.). A default judgment cannot
withstand a direct attack where the defendant alleges that she was not served
in strict compliance with the Rules of Civil Procedure.  Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex.
1990).  AThere are no
presumptions in favor of valid issuance, service, and return of citation@ in a direct
attack.  Uvalde Country Club v. Martin
Linen Supply, Co., 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).  The service of process is invalid and without
effect if there is not strict compliance. 
Id.  The Rules of Civil
Procedure require that the defendant be served with Aa true copy of the
citation with the date of delivery endorsed thereon with a copy of the petition
attached thereto.@  Tex. R. Civ. P. 106.  The return Ashall state when
the citation was served and the manner of service.@  Tex.
R. Civ. P. 107.  Moreover, the responsibility for ensuring
proper service lies with party requesting service and not the process
server.  Tex. R. Civ. P. 99(a); Primate Constr., Inc. v. Silver,
884 S.W.2d 151, 153
(Tex. 1994) (per curiam).[2]








   A review of the record establishes a
failure to strictly comply with the Rules of Civil Procedure.  Deputy Renken (ARenken@) was the deputy who attempted to
serve Granderson.  He explained at the
bill of review hearing that Granderson=s citation came to the sheriff=s department without a physical
address, which meant that service would have to be completed when she arrived
at the county courthouse. On May 20, 2002, Granderson arrived at the Waller
County Courthouse to  pick up her
child-support check.  For whatever reason,
the deputies assigned to the courthouse were not available.  Speaking with Granderson on the telephone,
Renken asked her to come to the sheriff=s office to pick up some papers.  Granderson agreed, and Renken began looking
for the documents.  After he found them,
but before Granderson arrived, he quickly looked through the papers and
concluded that they were not complete. 

            Concerned
that the documents were not complete, Renken contacted the district clerk=s office to compare what he had with
what was in the clerk=s file.   After telling
the deputy clerk that he had a citation and one piece of paper, the clerk told
Renken that his copy Aseemed@ to be complete.  
Granderson arrived and Renken delivered the documents in his possession
and executed the sheriff=s return.  However, still
concerned about potentially missing pages, he called the district clerk=s office again and asked them to
prepare a new copy of the documents on file in the clerk=s office.  He asked Granderson to go over to the
district clerk=s office to pick up the new
packet.   He followed up with a deputy
clerk who stated that Granderson had picked up the newly copied documents.  When questioned by the court whether
Granderson had received the entire petition from him, he stated that he was
certain that she had not.  

Finding that service was complete, the trial court denied the
bill of review.  In explaining its
denial, the trial court considered the Aundisputed testimony@ that the officer did not believe
that the documents were complete, the conversation between Renken and  the deputy district clerk that the documents A>sounded=@ complete, and the fact that Renken
confirmed that Granderson picked up the new copy at the district clerk=s office. 








We dismiss any attempted reliance on the fact that Granderson
may have picked up a new copy of the petition after she had been Aserved@ by Renken.  Actual notice to a defendant, without
proper service, does not confer jurisdiction to a trial court to render a
default judgment.  Wilson, 800 S.W.2d at 836. Accordingly, it is immaterial whether
she picked up the new copy because she should have been properly served by
Renken at the sheriff=s office as indicated on the sheriff=s return.  See Primate, 884 S.W.2d at 152-53.  

We find an abuse of discretion as the evidence does not
reasonably support the trial court=s finding of adequate service, which
requires strict compliance with the Rules of Civil Procedure.  After reviewing the record, it is apparent
that Granderson did not receive a complete petition from Renken at the sheriff=s office.  In addition to Renken=s repeated  statements at the bill of review hearing that
he did not believe the one-page petition was 
complete, we look to the document itself.  The petition in Ross=s child-custody suit is a three-paged
document, organized by numbered paragraphs, and concludes Arespectfully submitted@ with Ross=s attorney=s signature.  Considering the size and simplicity of the
document, it is difficult, if not impossible, to see how Renken could have been
mistaken in his belief that the petition was incomplete.  

 Finding an abuse of
discretion, we reverse and remand this case to the trial court. 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 25, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  The no-negligence requirement
necessarily requires the petitioner to have exhausted all of her legal remedies
before pursuing a bill of review.  Winrock
Houston Assocs., Ltd. v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.CHouston
[14th Dist.] 1994, no
writ).  Because
Granderson received actual notice of the default judgment on the day it was
rendered against her it is possible that she could have pursued other legal
remedies, e.g., a motion for new trial or restricted appeal,  to set aside the default judgment.  See Dispensa v. Univ. State Bank, 987 S.W.2d 923, 928 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  However we
do not discuss this issue as it was not raised in the trial court or on
appeal.  Moreover, the state of the
record does not allow us to analyze this issue. 






[2]  There is some
evidence Ross knew the service was defective. 
Granderson contacted Sonya Wallace after receiving the documents from
Deputy Renken.  Wallace, an attorney, had
previously represented Granderson in other matters.  Granderson did not have the means to retain
Wallace as her attorney; however, Wallace agreed, as a matter of courtesy, to
contact Ross=s attorney, Liza Greene, and let her know that
Granderson may not have been properly served. 
Greene confirmed speaking with Wallace at the bill of review
hearing.  Greene stated that she went
ahead with the default judgment under the presumption that if there had been a
problem with service that Wallace would have filed a motion to quash or special
appearance to protect her client=s
rights.  Greene also explained that she
never received anything in writing from Wallace referencing a complaint about
service or even that Wallace was representing Granderson.  Ultimately, Greene stated that they Arelied on the documentation that was in the Court=s file indicating that [Granderson] had been properly
served on May 20th andCat the Sheriff=s
Department.@