Opinion issued February 5, 2009


 






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00380-CV

__________


DWIGHT CANNON, D/B/A D.C. WRECKER SERVICE AND UPTOWN
AUTO STORAGE, Appellant


V.


TJ BURDETT & SONS RECYCLING AND TJ BURDETT & SONS, INC.,
Appellees






On Appeal from the County Civil Court at Law Number One

Harris County, Texas

Trial Court Cause No. 904186






MEMORANDUM OPINION

 Appellant, Dwight Cannon, doing business as D.C. Wrecker Service and
Uptown Auto Storage, challenges the county court's order granting appellees, TJ
Burdett & Sons Recycling and TJ Burdett & Sons, Inc.'s (collectively, "Burdett"),
motion to dismiss Cannon's bill of review. In a single issue, Cannon contends that
the county court erred in dismissing his bill of review because he presented "prima
facie evidence of each and every element of a bill of review," he had no independent
duty to "monitor the entry of orders" after the justice court's oral ruling dismissing
the case, any "negligent breach" of a duty to monitor the justice court's "entry of
orders" is a triable fact issue, he "had no other appellate remedy" or "was not required
to choose between appellate remedies," and he "was entitled to a trial on the merits
on his bill of review and the underlying . . . claims."

 We reverse and remand. 

Factual and Procedural Background

 After a roadway accident, Cannon towed a truck and a trailer owned by Burdett
to Uptown Auto Storage's yard. After refusing to pay the amounts charged by
Cannon, Burdett filed requests for "tow hearings" in the justice court of Harris
County in regard to both of his vehicles. (1) In the requests, Burdett stated that he "was
charged or paid a towing charge greater than the amount authorized," and he attached
invoices for the towing and storage. On February 20, 2007, the justice court signed
"findings of fact, conclusions of law, and order[s]," concluding that there was
probable cause to authorize the towing of both vehicles, (2) finding "the reasonable
charges in connection" with the towing and storage of both vehicles to be $600 for
towing and $965 for storage, concluding that Burdett had paid a combined total of
$1,900 for towing and storage, which exceeded the "fees authorized by law" by
$335, (3) and ordering Cannon to reimburse Burdett $335 "for the excessive" charges. 

 On September 20, 2007, Cannon filed his bill of review in the justice court, (4)
in which Cannon asserted that he "was prevented from presenting his meritorious
defense by accident, mistake or fraud, through no fault of his own." Cannon asserted
that, after the towing, he had computed the appropriate towing, storage, and cargo
salvage fees pursuant to applicable ordinances, an Administrative Code provision,
and industry rates, he had presented Burdett with an invoice, and Burdett had refused
to pay. Instead, Burdett requested tow hearings, and Cannon appeared at the hearings
in justice court, pursuant to a summons, on February 20, 2007. At the hearing, the
justice court "determined that the tows were authorized by the Harris County Sheriff's
Department" and then "advised the parties that any dispute regarding the amount of
the charges was a civil matter [and that] the justice court would not adjudicate the
issue." The justice court then adjourned the hearing, and the parties and the Harris
County Sheriff's deputy, who also had appeared at the hearing, left the justice court. 
Cannon supported this version of events with his affidavit testimony as well as the
affidavit testimony of two other persons who were present in the justice court during
the hearing. 

 Nevertheless, on February 20, 2007, the justice court entered findings of fact,
conclusions of law, and orders, finding that Cannon charged amounts in excess of
those authorized by law and ordering Cannon to reimburse a portion of the payment. 
Cannon did not receive notice of the orders, but instead only received notice of the
orders from Burdett's counsel, but after the expiration of the ten-day appellate period. 
Cannon asserted that, as a result of the justice court's adjournment of the hearing and
subsequent entry of findings, conclusions, and orders without providing him notice,
he "was not given the opportunity to present evidence and testimony regarding the
appropriate towing and storage fees." Cannon further asserted that because he did not
receive timely notice of the entry of the orders, he was prevented from filing a new
trial motion or requesting an appeal. 

 In support of his contention that he had a meritorious defense, Cannon testified,
in his attached affidavit, that "Harris County Wrecker Ordinances for Law
Enforcement Nonconsent Towing and Storage Services" provided for heavy duty
wrecker's towing charges of $300 for the first hour and $150 for each additional hour,
and Cannon attached portions of these ordinances. Cannon further testified that the
Harris County Sheriff's Deputy had determined that five hours of towing was
authorized for the operation, which involved two heavy duty wreckers, and, thus, at
a minimum, the towing charges for those five hours totaled $1,800, which exceeded
the combined total amounts determined by the justice court to be reasonable for both
the towing and the storage of both vehicles. Cannon then testified that a section of
the Texas Administrative Code, which Cannon also attached, and the aforementioned
ordinances set forth specific amounts for impound, notification, and per-day storage
fees and that Burdett owed Cannon $1,260 for storage, $20 for impound, and $50 for
notification with respect to each vehicle. Cannon complained that the justice court
did not have the authority to deviate from the relevant code provisions and ordinances
and that the justice court incorrectly determined, in violation of the codes and
ordinances, that a single charge for towing and storage should apply to both vehicles. 
In sum, Cannon stated that the justice court erred in concluding that Cannon charged
fees in excess of those authorized by law and in ordering Cannon to reimburse
Burdett $335. 

 The justice court denied Cannon's bill of review, and Cannon appealed the
justice court's denial of his bill of review to the county court for a trial de novo. See
Tex. R. Civ. P. 574b. Burdett then filed, in the county court, a motion to dismiss
Cannon's bill of review. Burdett asserted that before Cannon was entitled to a trial
on his bill of review, he was required to present prima facie proof of a meritorious
defense, and Burdett requested that the county court dismiss the bill of review on this
ground. Burdett also asserted that, as a matter of law, Cannon would not be able to
establish that he was prevented from asserting his alleged meritorious defense
unmixed by any fault or negligence on his part. Finally, Burdett contended that
Cannon had failed to exhaust all other remedies. 

 Cannon filed a response and an amended bill of review. In the amended bill
of review, Cannon reiterated his contention that the justice court's determination of
the appropriate towing and storage charges was incorrect, "incomprehensible," and
in violation of the ordinances and code. Cannon stated that the correct amounts for
the combined totals for both vehicles were $1,800 in towing charges and $2,660 in
storage and associated charges. Cannon also reiterated his contention that, after the
justice court had dismissed the proceeding, the justice court, without notice to him,
subsequently entered findings of fact, conclusions of law, and orders, ordering
Cannon to reimburse $355 to Burdet. Cannon stated that the justice court had
mailed these orders to Burdett but not to him and that he did not receive a copy of the
orders until after the expiration of the period to file an appeal or new trial motion. 
Cannon attached affidavit testimony to support these assertions, and he asserted that
the justice court's findings and conclusions were arbitrary and without reference to
any facts or evidence. Cannon also cited both his and Burdett's testimony to show
that it was undisputed that the justice court did not rule from the bench at the tow
hearing. 

 The county court conducted a hearing on Cannon's bill of review and Burdett's
motion to dismiss. The county court granted Burdett's motion to dismiss, finding that
Cannon was not "prevented from asserting or making a meritorious defense due to
fraud, accident, the wrongful act of the opposite party or to official mistakes unmixed
with fault or negligence [on] his part."

Standard of Review

 When the inquiry on the bill of review concerns questions of law, such as
whether an appellant presented prima facie proof of a meritorious ground of appeal,
we review the trial court's decision de novo. See BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002). 

 When a trial court grants summary judgment on a bill of review, the summary
judgment standard of review applies. (5) See Boaz v. Boaz, 221 S.W.3d 126, 131 (Tex.
App.--Houston [1st Dist.] 2006, no pet.) (reviewing no evidence summary judgment
on bill of review); Brown v. Vann, No. 05-06-01424-CV, 2008 WL 484125, at *4
(Tex. App.--Dallas Feb. 25, 2008, no pet.) (mem. op.) (reviewing summary judgment
on bill of review). To prevail on a summary judgment motion, a movant has the
burden of proving that it is entitled to judgment as a matter of law and that there is no
genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1995). When a defendant moves for summary judgment, it must either
(1) disprove at least one essential element of the plaintiff's cause of action or
(2) plead and conclusively establish each essential element of its affirmative defense,
thereby defeating the plaintiff's cause of action. Cathey, 900 S.W.2d at 341. When
deciding whether there is a disputed, material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true. Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference
must be indulged in favor of the non-movant and any doubts must be resolved in its
favor. Id. at 549.

Bill of Review

 In a single issue, Cannon argues that the county court erred in dismissing his
bill of review because he presented "prima facie evidence of each and every element
of a bill of review," he had no independent duty to "monitor the entry of orders" after
the justice court's oral ruling dismissing the case, any "negligent breach" of a duty
to monitor the justice court's "entry of orders" is a triable fact issue, he "had no other
appellate remedy" or he "was not required to choose between appellate remedies,"
and he "was entitled to a trial on the merits on his bill of review and the underlying
. . . claims."

 Upon the expiration of a trial court's plenary power, a judgment cannot be set
aside by the trial court except by bill of review for sufficient cause, filed within the
time allowed by law. Tex. R. Civ. P. 329b(f). A bill of review is an equitable action
brought by a party to a prior action who seeks to set aside a judgment that is no longer
subject to challenge by a motion for new trial or appeal. Caldwell v. Barnes, 154
S.W.3d 93, 96 (Tex. 2004); Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979);
Boaz, 221 S.W.3d at 131. A party seeking a bill of review who has participated in the
trial court proceedings must plead and prove that (1) a meritorious ground of appeal
exists; (2) which the party was prevented from presenting in a motion for new trial
or ordinary appeal by the fraud, accident, or wrongful act of the opposing party, or
official mistake or misinformation; (3) unmixed with the fault or negligence of the
petitioner. Thompson v. Ballard, 149 S.W.3d 161, 164 (Tex. App.--Tyler 2004, no
pet.); McDaniel v. Hale, 893 S.W.2d 652, 660, 662-63 (Tex. App.--Amarillo 1994,
writ denied); see also Gold v. Gold, 145 S.W.3d 212, 213-14 (Tex. 2004);
Petro-Chem. Transp., Inc. v. Carroll, 514 S.W.2d 240, 245-46 (Tex. 1974). A
meritorious ground of appeal is one that, had it been presented to the appellate court
as designed, might, and probably would, have caused the judgment to be reversed. (6) 
Petro-Chem., 514 S.W.2d at 245; Thompson, 149 S.W.3d at 164.

 As a pretrial matter, the bill of review plaintiff must present prima facie proof
to support the alleged meritorious claim or defense. Caldwell, 154 S.W.3d at 97;
Baker, 582 S.W.2d at 408. If the trial court concludes that a prima facie meritorious
ground of appeal has not been shown, it may dismiss the case without conducting a
trial. (7) Baker, 582 S.W.2d at 409. Prima facie proof may consist of documents,
admissions, and affidavits, along with other evidence that the trial court may receive. 
Id.; Thompson, 149 S.W.3d at 164. 

 In regard to the meritorious defense element, Cannon presented affidavit
testimony that he was precluded from offering any evidence at the justice court
hearing on the amounts authorized by law for the towing and storage of Burdett's
vehicles. Cannon averred that, at the hearing, the justice court stated that it could not
hear the matter, adjourned the hearing without giving the parties the opportunity to
present evidence on the appropriate charges, and dismissed the cases. Cannon
testified that the justice court, in contradiction to its earlier oral rulings, had
subsequently entered findings of fact, conclusions of law, and orders compelling
Cannon to reimburse Burdett a portion of the monies paid for the towing and storage
of the vehicles. Cannon further testified that the justice court did not afford him the
opportunity to present evidence showing that the Harris County Sheriff had
authorized five hours of towing for the operation and that Harris County ordinances
compelled a finding by the justice court that Cannon was owed, at a minimum, $1,800
for the towing--an amount that exceeded the amounts found by the justice court to
be reasonable charges for both the towing and the storage of both vehicles. Cannon
also stated that the justice court did not afford him the opportunity to present
evidence on the appropriate storage and associated fees. We conclude that Cannon
presented prima facie evidence of a meritorious defense at the county court's pretrial
hearing. (8)
 

 In regard to the official mistake element, Cannon testified that, despite the
justice court's statements at the hearing that it would not consider Burdett's requests,
it subsequently entered findings of fact, conclusions of law, and orders, determining
the amounts authorized by law for towing and storage and ordering Cannon to
reimburse Burdett for some of the amounts paid. Cannon further testified that he did
not receive notice of the justice court's orders until after the time period to appeal the
order or file a new trial motion. 

 Texas Rule of Civil Procedure 306a(3) provides, in part, that "[w]hen the final
judgment or other appealable order is signed, the clerk of the court shall immediately
give notice to the parties or their attorneys of record by first-class mail advising that
the judgment or order was signed." See Tex. R. Civ. P. 306a(3). The Texas Supreme
Court has explained,

The obvious purpose of this rule is to insure that, insofar as practicable,
parties adversely affected by a final judgment or other appealable order
have an opportunity to attack the same by motion for new trial or appeal.
That purpose will be defeated in some instance by incorrect addresses,
errors of the postal service, and failure of the addressee for any reason
to receive a notice delivered to the proper address. It will be
unnecessarily thwarted if there can be no relief when the clerk, either
intentionally or through oversight, fails to send the notice promptly as
required by the rule.


Petro-Chem., 514 S.W.2d at 244 (citing former Tex. R. Civ. P. 306d); see also 
Brown, 2008 WL 484125, at *2 ("When all other requirements are met, a bill of
review may be predicated upon the trial court clerk's failure to send notice of entry
of judgment."). 

 Here, Cannon presented undisputed evidence that he was not provided with
notice of the justice court's orders until after the deadlines to file both a new trial
motion and an appeal of the justice court's orders to the county court. See Tex. R.
Civ. P. 567 (stating that "[t]he justice, within ten days after the rendition of a
judgment in any suit tried before him, may grant a new trial therein on motion in
writing showing that justice has not been done in the trial of the cause"); Tex. R. Civ.
P. 569 (stating that "[a]ll motions to set aside a judgment or to grant a new trial, under
the two preceding rules, shall be made within five days after the rendition of
judgment and one day's notice thereof shall be given the opposite party or his
attorney"); Tex. R. Civ. P. 571 (stating that "[t]he party appealing, his agent or
attorney, shall within ten days from the date a judgment or order overruling motion
for new trial is signed, file with the justice a bond, with two or more good and
sufficient sureties, to be approved by the justice . . . ."); Tex. Occ. Code Ann.
§ 2308.459 (Vernon Supp. 2008) (stating that "[a]n appeal from a hearing under this
chapter is governed by the rules of procedure applicable to civil cases in justice court,
except that no appeal bond may be required by the court"). 

 We conclude that Cannon presented undisputed evidence that the justice court
clerk failed to provide him any notice of its orders within the time period in which
Cannon could have pursued a new trial motion or appeal. See Thompson, 149 S.W.3d
at 165-66 (concluding that bill of review petition thoroughly documented small
claims court's failure to send notice of judgment, but affirming trial court's denial of
bill of review on meritorious defense issue); Nitzche v. Teams of Tex., No. 14-05-00876-CV, 2007 WL 925803, at *2-3 (Tex. App.--Houston [14th Dist.] Mar. 29,
2007, no pet.) (mem. op.) (noting that neither party disputed that "the only evidence
at trial indicated that the clerk of the court failed to mail any notice of the trial court's
judgment" and that "the only evidence presented at trial indicated that the first
opportunity for the [the bill of review plaintiffs] to have received actual notice of the
judgment was too late to timely file notice of appeal" and, thus, "the only evidence
adduced showed official mistake," but affirming trial court's denial of bill of review
on meritorious defense issue).

 Finally, we consider the issue of whether Cannon's failure to file a new trial
motion or appeal was unmixed with any negligence or fault of his own. Petro-Chem.,
514 S.W.2d at 244; Brown, 2008 WL 484125, at *2. Here, Cannon presented
affidavit testimony that, at the tow hearing, which Burdett requested and at which
Burdett was the party seeking relief, the justice court had announced that it did not
have jurisdiction over the amounts in dispute and had dismissed the parties. Cannon
further testified that, without his knowledge, the justice court subsequently entered
orders in favor of Burdett, wholly depriving Cannon of the right to appear at the
hearing and present evidence on the appropriate amount of the towing and storage
fees authorized by law. It is undisputed, on the record before us, that Cannon did not
receive notice of these orders until the times to file an appeal and new trial motion
had expired. Moreover, there is nothing in the record before us to show that Cannon
was in any way negligent in regard to being notified or learning of the justice court's
orders after the expiration of the appellate period or time to file a new trial motion. 
Petro-Chem., 514 S.W.2d at 244 (citing former Tex. R. Civ. P. 306d); see also 
Brown, 2008 WL 484125, at *2. 

 Burdett contends that Cannon's failure to exhaust his legal remedies precludes
him from obtaining a bill of review. Specifically, Burdett contends that "in cases like
this one, where the bill of review plaintiff received notice in time to have filed a writ
of certoriari, a subsequent bill of review has been denied." (9) 

 The Texas Rules of Civil Procedure provide that a party may seek relief from
the judgment of a justice court by filing an application for writ of certiorari with the
county court. See Tex. R. Civ. P. 575. "The writ shall command the justice to
immediately make and certify a copy of the entries in the cause on his docket, and
immediately transmit the same, with the papers in his possession and a certified copy
of the bill of costs to the proper court." Tex. R. Civ. P. 576. "The writ shall not be
granted unless the applicant or some person for him having knowledge of the facts,
shall make affidavit setting forth sufficient cause to entitle him thereto," and, "[t]o
constitute a sufficient cause, the facts stated must show that either the justice of the
peace had no jurisdiction, or that injustice was done to the applicant by the final
determination of the suit or proceeding, and that such injustice was not caused by his
own inexcusable neglect." Tex. R. Civ. P. 577, 578. Finally, "[s]uch writ shall not
be granted after ninety days from the time the final judgment is signed." Tex. R. Civ.
P. 579.

 The Texas Supreme Court has recently held that the failure to file a restricted
appeal does not constitute fault or negligence in regard to the third element of a bill
of review. Gold, 145 S.W.3d at 213-14. Although a restricted appeal and a writ of
certiorari authorized under rule 575 are distinct procedural tools to attack a judgment,
the supreme court's reasoning in Gold compels our holding that the failure to pursue
a writ of certiorari under rule 575 on the instant facts also does not constitute
negligence that precludes Cannon's filing of a bill of review. In Gold, the supreme
court stated that "[i]f a motion to reinstate, motion for new trial, or direct appeal is
available, it is hard to imagine any case in which failure to pursue one of them would
not be negligence." Id. at 214. But, the supreme court continued, "the same cannot
be said about choosing to appeal by bill of review rather than a restricted appeal, for
several reasons." Id. The supreme court explained one of those reasons was that a
"bill of review allows trial courts to rectify their own errors, eliminating the need for
lengthy appellate review." Id. The Court stated, 

It is true we have sometimes stated that relief by bill of review is
available only if a party has exercised due diligence in pursuing all
adequate legal remedies . . . and not if legal remedies were available but
ignored. But a party is not "ignoring" its remedies when it chooses one
appellate avenue rather than another. We have never included a
restricted appeal among the "adequate legal remedies" a bill of review
claimant must pursue; we have only applied this rule to motions that
could have been filed in the trial court's first proceeding. 


Id. (emphasis added) (citations omitted).

 Burdett has cited no authority to support its contention that Canon's failure to
apply for a writ of certiorari from the county court precludes his bill of review. (10) 
Although it is undisputed that Cannon received notice of the justice court's orders
within the time to file an application for a writ of certiorari in the county court,
following the supreme court's reasoning in Gold, we conclude that Cannon's failure
to apply for a writ of certiorari in the county court does not constitute fault or
negligence that precluded Cannon from filing his bill of review in the justice court. 
See id. 

 In sum, we hold that Cannon presented prima facie proof of a meritorious
defense and that, at a minimum, Cannon raised fact issues as to the remaining
elements of his bill of review. Accordingly, we further hold that the trial court erred
in concluding that Cannon was not prevented from asserting or making a meritorious
defense due to fraud, accident, the wrongful act of the opposite party or to official
mistakes unmixed with fault or negligence on his part and in dismissing Cannon's bill
of review.

Conclusion


 We reverse the judgment of the county court and remand for further
proceedings consistent with this opinion.



 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

1. Burdett originally filed his requests pursuant to Chapter 685 of the Texas
Transportation Code, but the relevant provisions have since been renumbered as
sections 2308.451-.460 in the Texas Occupations Code. See Tex. Occ. Code Ann.
§§ 2308.451-.460 (Vernon Supp. 2008) (renumbering effective September 1, 2007). 
Accordingly, we will refer to the relevant sections of the Occupations Code
throughout this opinion. Section 2308.452 of the Occupations Code provides that
"[t]he owner or operator of a vehicle that has been removed and placed in a vehicle
storage facility without the consent of the owner or operator of the vehicle is entitled
to a hearing on whether probable cause existed for the removal and placement." Id.
§ 2308.452. Section 2308.453 of the Occupations Code provides that "[a] hearing
under this chapter shall be in the justice court having jurisdiction in the precinct in
which the vehicle storage facility is located." Id. § 2308.453.
2. See id. § 2308.451-.452.
3. See id. § 2308.453.
4. Cannon titled this document a "Motion to Review/Correct Court Orders," but all
parties treat it as a bill of review. 
5. In his brief, Cannon agrees that Burdett's motion to dismiss "constituted a summary
judgment proceeding" and Burdett also contends that his motion to dismiss
constituted a summary judgment motion.
6. We note that bills of review seeking relief from otherwise final judgments are
scrutinized by courts of equity with extreme jealousy, and grounds on which
interference will be allowed are narrow and restricted. Montgomery v. Kennedy, 669
S.W.2d 309, 312 (Tex. 1984). The grounds upon which a bill of review can be
obtained are narrow because the procedure conflicts with the fundamental policy that
judgments must become final at some point. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003). Although a bill of review is an equitable proceeding,
the fact that an injustice may have occurred is not sufficient to justify relief by bill of
review. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999); Jones v.
Corcoran, 95 S.W.3d 673, 675 (Tex. App.--Houston [1st Dist.] 2002, no pet.).
7. Texas courts have stated that, at an initial pretrial hearing on a bill of review, "the
only relevant inquiry is whether the petitioner has made a prima facie showing of a
meritorious ground of appeal." Thompson v. Ballard, 149 S.W.3d 161, 165 (Tex.
App.--Tyler 2004, no pet.) (citing Beck v. Beck, 771 S.W.2d 141, 142 (Tex. 1989)). 
Here, at the time the county court conducted its pre-trial hearing to consider the issue
of meritorious defense, the county court also considered Burdett's motion to dismiss. 
We conclude that it was appropriate for the county court to consider the matter of law
points raised in the motion as if those points had been raised in a summary judgment
motion. See Boaz v. Boaz, 221 S.W.3d 126, 131 (Tex. App.--Houston [1st Dist.]
2006, no pet.) (affirming trial court's granting of no-evidence summary judgment
motion on bill of review); see also Brown v. Vann, No. 05-06-01424-CV, 2008 WL
484125, at *4 (Tex. App.--Dallas Feb. 25, 2008, no pet.) (mem. op.) (reviewing, and
reversing, trial court's granting of summary judgment in favor of bill of review
plaintiff and concluding that petitioner had "failed to conclusively establish each
required element of his bill of review"). 
8. Burdett argues in its briefing that the county court's order dismissing Cannon's bill
of review should be affirmed on the "meritorious defense" element because Cannon
should not be entitled to "relitigate" the issues presented to the justice court. See
Thompson, 149 S.W.3d at 165. In Thompson, although the bill of review plaintiff
alleged that he had a meritorious defense, the court noted that this allegation "was
entirely unsupported by affidavits, admissions, or other evidence under oath
constituting prima facie proof that he had a meritorious ground of appeal whose
presentation on appeal was frustrated by the small claims court's failure to give him
notice of the judgment's entry." Id. The court concluded that the plaintiff merely
sought "the opportunity to relitigate the issues presented and passed on by the small
claims court at the trial." Id. The court stated that "[a] bill of review does not lie
where the facts and issues urged as a defense to the original suit existed and were
within the knowledge of the petitioner at the time of trial" and that "[e]quity cannot
be invoked to obtain a retrial of issues that were or could have been presented to the
trial court." Id. at 165-66. The instant case is distinguishable from Thompson. Here,
Cannon's bill of review is founded upon his testimony that he was precluded from
participating at the hearing in the justice court. Unlike the plaintiff in Thompson,
Cannon is not seeking to relitigate the issues presented to and passed on by the justice
court. Rather, Cannon is asserting that he was deprived of the opportunity to present
the issues and evidence to the justice court. 

9. Burdett cites two cases in support of this contention, Hesser v. Hesser, 842 S.W.2d
759 (Tex. App.--Houston [1st Dist.] 1992, writ denied) and National Bank of Texas
v. First National Bank, 682 S.W.2d 366 (Tex. App.--Tyler 1984, no writ). Although
these cases reference a writ of error, also referred to as a restricted appeal, neither
case refers to a writ of certiorari. 
10. We note that this argument has been presented in at least one case. See Tarrant
Restoration v. TX Arlington Oaks Apts., Ltd., 225 S.W.3d 721, 728 (Tex.
App.--Dallas 2007, pet. dism'd w.o.j.). However, the court disposed of the case on
other grounds and did not consider this argument. See id.; see also Winrock Houston
Assocs. Ltd. P'ship v. Bergstrom, 879 S.W.2d 144, 150 (Tex. App.--Houston [14th
Dist.] 1994, no writ) (in determining if party had diligently pursued all available legal
remedies, noting that "[g]enerally, there are two methods of obtaining relief from the
judgment of a justice court: (1) by appeal; and (2) by writ of certiorari").