**TEXAS INDUSTRIES, INC., Petitioner,**

v.

**Henry SANCHEZ, Respondent.**

No. B–5293.

Supreme Court of Texas.

July 16, 1975.

---

was "prevented from making [his meritorious defense] by fraud, accident, or wrongful act of the opposite party . . . ."[1] *See Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 243–244 (Tex.1974) and *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964).

**In the Matter of R. A. B., a minor.**

**No. 988.**

Court of Civil Appeals of Texas, Corpus Christi.

April 17, 1975.

Bagby, McGahey, Ross & DeVore, Phillip C. McGahey and Stewart DeVore, Jr., Arlington, for petitioner.

Bean, Francis, Ford, Francis & Wills, Judson Francis, Jr., Dallas, Joe W. Walsh & Associates, Lee Arnett, Brownsville, for respondent.

PER CURIAM.

This is an appeal from a Bill of Review judgment setting aside a default judgment against the defendant and rendering a judgment that plaintiff take nothing. The court of civil appeals affirmed. 521 S.W.2d 133. In denying the application for writ of error, no reversible error, we specifically approve the holding of the court of civil appeals that proof of defendant not having been served with citation obviates the necessity of pleading and proving the second *Hagedorn* requirement: that the defendant

See also Tex.Civ.App., 525 S.W.2d 892.

1. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).