**Nikki Marie JONES, Appellant,**

v.

**Gilbert Josef CORCORAN, Appellee.**

**No. 01-01-00920-CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 2002.

Nikki–Marie Jones, Magnolia, for Appellant.

Lynn S. Kuriger, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.[1]

## OPINION

ADELE HEDGES, Justice.

Appellant, Nikki–Marie Jones, appeals the dismissal with prejudice of her original petition for bill of review. In six points of error, appellant contends that the trial court erred in granting the motion to dismiss. We affirm.

### Procedural History

Approximately four years after a final decree of paternity was entered, appellant filed an original petition for bill of review seeking to vacate the decree. In the bill of review, appellant contends that the decree is void because the judge who entered it was constitutionally disqualified from presiding over the paternity case. Specifically, appellant contends that the Honorable Judge Lisa Millard was "acting as counsel" when she procured counsel for appellant. Appellee, Gilbert Corcoran, filed a timely motion to dismiss and for sanctions. In the motion, appellee contends that appellant's petition does not state a cause of action and is frivolous, is barred by statute of limitations, and is barred because appellee was not diligently served. After hearing arguments on the motion and after taking judicial notice of the pleadings and citation on file, the trial court granted the motion to dismiss without specifying the basis upon which it dismissed the case.

### Bill of Review

■ In her sixth point of error, appellant contends that the trial court should not have dismissed her suit even if the petition for the bill of review was defective. We disagree.

■ A bill of review is an equitable action brought by a party to a former action seeking to set aside a judgment that is not appealable or subject to a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999). Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review. *Id.* at 927. As a general rule, "bill of review relief is available only if a party exercises due diligence in pursuing all adequate legal remedies against a former judgment, and through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party" or a "mistake or error by a court official." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex.1999); *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979). If a petitioner has ignored available legal remedies, a petition for bill of review will not be granted. *Wembley Inv. Co.*, 11 S.W.3d at 927.

■ The United States Supreme Court has recognized an exception to the general rule. The Supreme Court held that, if the party filing a petition for bill of review was not served, constitutional due process relieves him from proving he has a meritorious defense. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988). In addition, the Texas Supreme Court has recognized that, if the petitioner was not served, he is not required to show that his opponent's fraud, accident, or wrongful act prevented him from presenting such a defense, *Texas Indus., Inc. v. Sanchez*, 525 S.W.2d 870, 871

---

1. The Honorable Lee Duggan, Jr., retired justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

(Tex.1975), and his own want of fault or negligence is established. *Caldwell v. Barnes,* 975 S.W.2d 535, 537 (Tex.1998).

Appellant argues that, because her bill of review alleges judicial disqualification, she need not establish that she has a meritorious defense to the original cause of action. She argues that, because judicial disqualification, like failure to receive notice, makes a judgment void, under *Peralta,* she need not plead and prove that she has a meritorious defense. *See Peralta,* 485 U.S. at 86, 108 S.Ct. at 900.

Even if we were to agree with this argument, appellant's bill of review is deficient. Appellant makes no argument and cites no authority for the proposition that a petitioner who alleges judicial disqualification is not required to plead and prove the remaining bill of review requirements: (1) he exercised due diligence in pursuing all adequate legal remedies against a former judgment; and (2) the fraud, accident, or wrongful act of the opposing party, or a mistake or error by a court official, prevented him from making his claim or defense. The policy considerations for not requiring a petitioner to prove these two elements if he was not served in the first instance do not apply to a petitioner who, as here, was served, participated in the trial, was aware of the judgment, but ignored his legal remedies, and now alleges judicial disqualification. In sum, alleging judicial disqualification in a petition for a bill of review does not dispense with the need to plead and prove that the petitioner exercised due diligence in pursuing all adequate legal remedies against a former judgment, and that the fraud, accident or wrongful act of the opposing party prevented him from making a meritorious claim or defense.

We overrule appellant's sixth point of error.

Because this issue is dispositive, we decline to address appellant's other points of error.

## Conclusion

We affirm the order of the trial court.