In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00920-CV
____________

NIKKI-MARIE JONES, Appellant

V.

GILBERT JOSEF CORCORAN, Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2000-20200




O P I N I O N
          Appellant, Nikki-Marie Jones, appeals the dismissal with prejudice of her
original petition for bill of review. In six points of error, appellant contends that the
trial court erred in granting the motion to dismiss. We affirm.
Procedural History 
          Approximately four years after a final decree of paternity was entered,
appellant filed an original petition for bill of review seeking to vacate the decree. In
the bill of review, appellant contends that the decree is void because the judge who
entered it was constitutionally disqualified from presiding over the paternity case. 
Specifically, appellant contends that the Honorable Judge Lisa Millard was “acting
as counsel” when she procured counsel for appellant. Appellee, Gilbert Corcoran,
filed a timely motion to dismiss and for sanctions. In the motion, appellee contends
that appellant’s petition does not state a cause of action and is frivolous, is barred by
statute of limitations, and is barred because appellee was not diligently served. After
hearing arguments on the motion and after taking judicial notice of the pleadings and
citation on file, the trial court granted the motion to dismiss without specifying the
basis upon which it dismissed the case. Bill of Review
          In her sixth point of error, appellant contends that the trial court should not
have dismissed her suit even if the petition for the bill of review was defective. We
disagree.
          A bill of review is an equitable action brought by a party to a former action
seeking to set aside a judgment that is not appealable or subject to a motion for new
trial. Wembley Inv. Co. v. Herrara, 11 S.W.3d 924, 926-27 (Tex. 1999). Although
it is an equitable proceeding, the fact that an injustice has occurred is not sufficient
to justify relief by bill of review. Id. at 927. As a general rule, “bill of review relief
is available only if a party exercises due diligence in pursuing all adequate legal
remedies against a former judgment, and through no fault of its own, has been
prevented from making a meritorious claim or defense by the fraud, accident, or
wrongful act of the opposing party” or a mistake or error by a court official.” 
Wembley Inv. Co. v. Herrara, 11 S.W.3d 924, 927 (Tex. 1999); Baker v. Goldsmith,
582 S.W.2d 404, 408 (Tex. 1979). If a petitioner has ignored available legal
remedies, a petition for bill of review will not be granted. Wembley Inv. Co., 11
S.W.3d at 927. 
          The United States Supreme Court has recognized an exception to the general
rule. The Supreme Court held that, if the party filing a petition for bill of review was
not served, constitutional due process relieves him from proving he has a meritorious
defense. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S. Ct. 896, 900
(1988). In addition, the Texas Supreme Court has recognized that, if the petitioner
was not served, he is not required to show that his opponent’s fraud, accident, or
wrongful act prevented him from presenting such a defense, Texas Indus., Inc. v.
Sanchez, 525 S.W.2d 870, 871 (Tex. 1975), and his own want of fault or negligence
is established. Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998). 
          Appellant argues that, because her bill of review alleges judicial
disqualification, she need not establish that she has a meritorious defense to the
original cause of action. She argues that, because judicial disqualification, like failure
to receive notice, makes a judgment void, under Peralta, she need not plead and
prove that she has a meritorious defense. See Peralta, 485 U.S. at 86, 108 S. Ct. at
900.
          Even if we were to agree with this argument, appellant’s bill of review is
deficient. Appellant makes no argument and cites no authority for the proposition
that a petitioner who alleges judicial disqualification is not required to plead and
prove the remaining bill of review requirements: (1) he exercised due diligence in
pursuing all adequate legal remedies against a former judgment; and (2) the fraud,
accident, or wrongful act of the opposing party, or a mistake or error by a court
official, prevented him from making his claim or defense. The policy considerations
for not requiring a petitioner to prove these two elements if he was not served in the
first instance do not apply to a petitioner who, as here, was served, participated in the
trial, was aware of the judgment, but ignored his legal remedies, and now alleges
judicial disqualification. In sum, alleging judicial disqualification in a petition for a
bill of review does not dispense with the need to plead and prove that the petitioner
exercised due diligence in pursuing all adequate legal remedies against a former
judgment, and that the fraud, accident or wrongful act of the opposing party
prevented him from making a meritorious claim or defense.
          We overrule appellant’s sixth point of error.
          Because this issue is dispositive, we decline to address appellant’s other points
of error.
Conclusion
          We affirm the order of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice
 
 
Panel consists of Justices Hedges, Keyes, and Duggan.



Publish. Tex. R. App. P. 47.4