**Richard ROSS, Appellant,**

v.

**NATIONAL CENTER FOR the EMPLOYMENT OF the DISABLED, Assignee of Access Healthsource, Inc., Assignee of O.R. Brooker et al., Appellees.**

**No. 08–04–00375–CV.**

Court of Appeals of Texas, El Paso.

Oct. 20, 2005.

Rehearing Overruled Nov. 16, 2005.

John P. Mobbs, El Paso, for Appellant.

Ken Slavin, Kemp Smith, P.C., El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

RICHARD BARAJAS, Chief Justice.

Appellant Richard Ross appeals a denial of a petition for bill of review seeking to set aside a default judgment entered against him in Cause No. 99–1459. On appeal, Appellant raises three issues for review. In Issue No. One, he challenges the service of process prior to the rendition of the default judgment. In Issue No. Two, he challenges the trial court's finding that he failed to exercise due diligence to pursue all adequate legal remedies available against the default judgment. In Issue No. Three, he challenges the trial court's finding that unclean hands precludes him from seeking and obtaining a bill of review. We affirm the judgment of the trial court.

### I. PROCEDURAL BACKGROUND

On April 26, 1999, Plaintiffs O.R. Brooker, W.A. Pitchford, Natalie T. Bornstein, Maria G. Cardenas, Vernoy Walker, Joel Hendryx, Randolph Waldman, Walker Jackson, Kathryn Horn, and Mary Ward brought suit against Defendants Ross, Dr. Richard Standridge, and James Farrelly in County Court at Law Number Seven, El Paso County, Texas. As we summarized in our previous opinion, the original petition alleged specifically, that the Defendants falsely represented how and why the stock merger into Access Healthsource would be beneficial to them and as a result of the Defendants' misrepresentations the value of their stock went from five million dollars to zero dollars. *See Ross v. Access Healthsource*, No. 08–03–00096–CV, 2003 WL 22870629, at *1 (Tex.App.-El Paso Dec. 4, 2003, pet. denied).

On October 19, 1999, the trial court granted Appellees' motion for substitute service of process on Appellant at an address in Scottsdale, Arizona. The Arizona process server's affidavit on November 1, 1999, states that he attempted to personally serve Appellant at the given address, but had to post and mail the documents served. The description of documents served does not list the citation and the record does not contain a return receipt for certified mail, though the affidavit states the documents were mailed by certified mail. On January 21, 2000, Appellees obtained a default judgment against Appellant in which they were awarded five million dollars in actual damages and five million dollars in exemplary damages plus interest and attorney's fees. The default judgment recites that Appellant was duly served with process. On February 29, 2000, the trial court severed Appellees'

cause of action against Defendants Dr. Standridge and Mr. Farrelly from its default judgment against Appellant.

In March 2000, Appellees sought enforcement of the Texas default judgment in an Arizona state court. On April 17, 2000, Appellant filed a motion under Ariz. R. Civ. P. 60(c) to vacate the foreign judgment Appellees had filed in Arizona based on insufficient service of process. On August 8, 2000, the Arizona state court found insufficient service of process on Appellant and ordered the foreign judgment filed by Appellees "void and hereby vacated." On January 7, 2003, Appellant filed a petition for bill of review, challenging the default judgment obtained against him by Appellees in January 2000. On January 31, 2003, the trial court ruled that Appellant's bill of review petition to set aside the January 2000 default judgment was denied. Appellant timely appealed the trial court's judgment.

In this Court's opinion in *Ross*, 2003 WL 22870629, at *5, we held that a genuine fact issue existed as to whether Appellant had shown good cause for failing to exhaust his legal remedies and reversed and remanded the trial court's granting of summary judgment denying the bill of review for further proceedings. On October 8, 2004, the trial court held a bench trial wherein the trial judge found that Appellant did not come into the court with clean hands and failed to diligently pursue all available avenues. On November 29, 2004, the trial judge signed the judgment denying Appellant's petition for bill of review seeking to set aside the default judgment granted against him and signed on January 21, 2000. Appellant now timely appeals the trial court's judgment.

## II. DISCUSSION

In Issue No. One, Appellant asserts that because it is undisputed that he was not served with process before the default judgment was entered against him, he is not required to prove the usual bill of review elements; rather, he contends that the bill of review elements are satisfied as a matter of law, thus making him entitled to have the default judgment set aside.

A bill of review petitioner must ordinarily plead and prove the following: (1) a meritorious claim or defense; (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent; (3) unmixed with any fault or negligence of his own. *Ortega v. First RepublicBank Fort Worth, N.A.*, 792 S.W.2d 452, 453 (Tex.1990). Courts have relaxed these requirements when the party petitioning for the bill of review seeks to set aside a default judgment on the basis he was not served with process. *Winrock Houston Assocs. Ltd. P'ship v. Bergstrom*, 879 S.W.2d 144, 149 (Tex.App.-Houston [14th Dist.] 1994, no writ). In such cases, the petitioner need not prove fraud, accident or a wrongful act of the opposite party. *Id.* (citing *Texas Indus., Inc. v. Sanchez*, 525 S.W.2d 870, 871 (Tex.1975)). He also does not have to prove a meritorious defense. *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988)).

The petitioner must, however, demonstrate he was free from fault or negligence in letting the judgment be taken, a requirement which encompasses an absence of negligence in allowing the trial court to render the default judgment against him. *See id.* A party's failure to make reasonable inquiries regarding his pending litigation is failure to exercise diligence, and without the showing of such diligence, a bill of review will fail since the appellant will not be able to prove his non-negligence in allowing the judgment against him to be rendered and to become final.

*See Melton v. Ryander,* 727 S.W.2d 299, 302 (Tex.App.-Dallas 1987, writ ref'd n.r.e.).

■ We find Appellant's first issue is without merit. Appellant cites to this Court's previous opinion to support his contention that the failure to properly serve him relieves him from proving the usual bill of review elements.[1] *See Ross,* 2003 WL 22870629, at *3. However, our previous opinion does not absolve Appellant from showing an exercise of due diligence. It is undisputed that Appellant had knowledge of the lawsuit being filed and that it was pending for nine months before the default judgment was granted against him. From the date he discovered the lawsuit, June 25, 1999, to the date the default judgment was entered, January 21, 2000, Appellant was aware of the pending litigation. It is also undisputed that Appellant learned of the default judgment on April 12, 2000. Appellant was not prevented from filing a timely motion for new trial or appeal because of the improper service. Appellant was aware of the default judgment within the time available for filing a motion for new trial or pursuing an appeal. We overrule Issue No. One.

In Issue No. Two, Appellant argues that the evidence demonstrated that he exercised due diligence as a matter of law, and therefore, it was error to find that he did not exercise due diligence and deny his petition for bill of review. Appellant contends that he reasonably relied on his attorney, Mr. Klausner, and that Mr. Klausner's actions were a reasonable strategic decision, one which a reasonable lawyer could have also reached. Access Healthsource on the other hand, maintains that Appellant's and Mr. Klausner's failure to "even attempt to investigate the legal remedies available in Texas against the Texas Default Judgment is overwhelming evidence that Ross failed to meet his due diligence requirement to pursue all available legal remedies against the default judgment before an equitable bill of review is available."

■ In reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the trial court's ruling and will not disturb the ruling unless there is an affirmative showing of an abuse of judicial discretion. *See Nguyen v. Intertex, Inc.,* 93 S.W.3d 288, 293 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (citing *Interaction, Inc./State v. State/Interaction, Inc.,* 17 S.W.3d 775, 778 (Tex.App.-Austin 2000, pet. denied)). We may reverse the trial court for abusing its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Id.* (citing *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991)). We may not reverse for abuse of discretion merely because we disagree with a decision by the trial court, if that decision was within the trial court's discretionary authority. *Id.* (citing *Beaumont Bank,* 806 S.W.2d at 226).

1. In his brief, Appellant cites to the following paragraph:

Where the petitioner was not served with process, he need not prove he had a meritorious defense, is not required to show he was prevented from presenting such a defense by fraud, accident, or wrongful act of his opponent, and his own want of fault or negligence is established. *See Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988)(constitutional due process relieves petitioner from proving meritorious defense where no service); *Texas Indus., Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975) (proof of not having been served with citation obviates proving that petitioner was prevented from making defense by fraud, accident, or wrongful act of the opposite party); *Caldwell,* 975 S.W.2d at 537 (if no service, want of fault or negligence is established).
*See Ross,* 2003 WL 22870629, at *3.

A bill of review is an independent equitable action brought by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999) (per curiam). According finality to judgments is of fundamental importance. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984). Therefore, a court scrutinizes bills of review seeking relief from final judgments with "extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Id.*; *Brooks v. Assocs. Fin. Servs. Corp.*, 892 S.W.2d 91, 92 (Tex.App.-Houston [14th Dist.] 1994, no writ). A bill of review is designed to prevent manifest injustice, but that fact that an injustice occurred is not sufficient cause to justify relief by bill of review. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). A party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998). If legal remedies were available but ignored, relief by equitable bill of review is not available. *Wembley*, 11 S.W.3d at 927. This applies even if the failure results from the negligence or mistake of a party's agent or a party's attorney. *See Lawrence v. Lawrence*, 911 S.W.2d 443, 448 (Tex. App.-Texarkana 1995, writ denied) (citing *Brownson v. Reynolds*, 77 Tex. 254, 13 S.W. 986, 987 (1890)); *Gracey v. West*, 422 S.W.2d 913, 916 (Tex.1968); *Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex.App.-Dallas 2001, pet. denied).

As stated above, under these particular facts, Appellant needed to prove that he acted with due diligence in responding to the default judgment granted against him. *See Wembley*, 11 S.W.3d at 927. In order to be entitled to a bill of review, Appellant must show a good excuse for failure to exhaust adequate legal remedies. If legal remedies were available but ignored, the equitable remedy of a bill of review will not later intervene. *Id.* (citing *Caldwell*, 975 S.W.2d at 537).

In this case, Appellant's failure to file a motion for new trial or regular appeal is fatal to his bill of review. Appellant directs this Court's attention to the actions of his attorney, Mr. Klausner to establish due diligence. When Appellant discovered the default judgment entered against him, he immediately contacted Mr. Klausner and relied that Mr. Klausner would do whatever necessary to respond to the default judgment. We therefore focus on Mr. Klausner's actions.

Mr. Klausner was admitted to practice in Arizona since 1975, where he practices primarily commercial litigation and appellate law. It is undisputed that he discovered the default judgment entered against Appellant on April 12, 2000. Prior to this date, he had not received any notice of the default judgment. According to his testimony, he had represented five other clients where default judgments were entered against them. However, Appellant's was the first case where he was attacking a Texas default judgment in Texas. In response to Appellant's case, he testified that he filed a motion under Ariz. R. Civ. P. 60 to vacate the foreign judgment Appellees had filed in Arizona based on insufficient service of process. The Arizona state court vacated the foreign judgment on grounds of insufficient service of process. At this point, he did not feel it was appropriate to take any other action in Texas in response to the default judgment. The Arizona judgment was the only reason he did not attack the default judgment in Texas.

When asked why after he discovered the default judgment, he did not file a motion for new trial by the May 14, 2000 deadline in Texas, he testified that he never even considered attacking the default judgment in Texas. He did not research Texas law on this subject and did not contact any Texas lawyer for advice on how to handle the situation. Even after knowing the options he could have pursued in Texas, Mr. Klausner stated that he would have not advised someone to take any action because he believed the best thing was to move in Arizona to vacate the foreign judgment. He never advised Mr. Ross to talk to a licensed Texas attorney because he felt that this was a federal question and not a Texas law question. Prior to October 27, 2000, he did not advise Appellant to seek advice of a Texas lawyer on the default judgment issue even though they had available counsel in Texas.

When asked whether he knew that Texas cases clearly hold that the trial court in Arizona cannot void a Texas trial court's judgment, he testified that he was not aware of such a case and that this would be contrary to *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). With respect to this line of argument, in *Ross v. Access Healthsource*, No. 08–03–00079–CV, 2003 WL 22870451, at *4 (Tex.App.-El Paso Dec. 4, 2003, pet. denied) (not designated for publication), Appellant raised this similar issue. We stated the following:

> [W]e reject Mr. Ross' contention that the Arizona state court order vacating the foreign judgment in Arizona has the effect of voiding the Texas default judg-

ment for enforcement purposes in Texas.

*See Ross,* 2003 WL 22870451, at *4. In addition, another reason given for not pursuing a remedy in Texas was because it was more economical in Arizona.

Appellant and his attorney's neglect of the matter simply cannot constitute "due diligence." *See Thompson v. Henderson,* 45 S.W.3d 283, 289 (Tex.App.-Dallas 2001, pet. denied). We do not have a situation here where Appellant's failure to obtain a ruling on its motion for new trial resulted from the accidents or wrongful acts of others and not from lack of due diligence. Here, Appellant offers no adequate explanation for his attorney's failure to pursue an appeal. A client is bound by the act of his attorney, and attorney negligence is not a sufficient ground to support a bill of review. *Nguyen,* 93 S.W.3d at 295. Considering the evidence in the light most favorable to the trial court's findings, we conclude that the evidence supported the trial court's finding that Appellant failed to exercise due diligence in pursuing all adequate legal remedies available against the default judgment. Issue No. Two is overruled in its entirety.

In Issue No. Three, Appellant contends that the default judgment cannot be sustained based on a finding of unclean hands.[2] Appellant argues that a judgment debtor should not be held bound to a judgment rendered without service of process based on an equitable "unclean hands" argument.

 A party seeking an equitable remedy must come to court with clean hands. *Flores v. Flores,* 116 S.W.3d 870, 876 (Tex.

---

**2.** Appellant also asserts that it would be unconstitutional to apply the doctrine of "unclean hands" in this circumstance. Appellant contends that the entry of a default judgment against him without service of process on him violated his rights of due process. We agree

with Access Healthsource that Appellant's argument is simply a variation of Appellant's argument of the "void" judgment. Having addressed this issue in *Ross,* 2003 WL 22870451, at *4, we do not revisit the issue in this opinion.

App.-Corpus Christi 2003, no pet.) (citing *In re Gamble*, 71 S.W.3d 313, 325 (Tex. 2002) (Baker J., concurring); *Truly v. Austin*, 744 S.W.2d 934, 938 (Tex.1988); *Omohundro v. Matthews*, 161 Tex. 367, 381, 341 S.W.2d 401, 410 (Tex.1960)). Whether a party has come to court with clean hands is a matter of the sound discretion of the court. *Flores*, 116 S.W.3d at 876 (citing *Thomas v. McNair*, 882 S.W.2d 870, 880 (Tex.App.-Corpus Christi 1994, no writ)).

 Appellant was not present at the hearing on the petition for bill of review, although he had been subpoenaed. Instead, Appellant filed a motion for protective order which was denied. Appellant has been held in contempt in at least two prior occasions in matters dealing with the underlying lawsuit. Appellant was additionally sanctioned for failing to answer post-judgment interrogatories and requests for production, and despite the sanctions, he continues to refuse to comply with the discovery requests. Texas supports full and open discovery. *Tilton v. Moye*, 869 S.W.2d 955, 956 (Tex.1994). The purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal and not by what facts are concealed. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984), *overruled in part on other grounds by Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992).

 After reviewing the evidence, we find no abuse of discretion in the trial court's finding of Appellant's unclean hands and that this prevented him from seeking or obtaining equitable bill of review relief. Issue No. Three is overruled.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.