*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00865-CV

Kurt **KRIVKA**,
Appellant

v.

Zachary M. **HLAVINKA**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 340161
Honorable David J. Rodriguez, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: November 11, 2009

AFFIRMED

This is an appeal from the trial court's denial of appellant's petition for bill of review. We affirm.

## BACKGROUND

On May 17, 2007, Zachary M. Hlavinka entered into a written contract for home remodeling with Kurt Krivka. Subsequently, Hlavinka sued Krivka alleging various causes of action, including

violations of the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), fraud, negligence, negligent misrepresentation, and breach of contract. A trial was held in September 2007 at which Krivka did not appear. During the trial, Hlavinka presented his case, but the trial court expressed concern over the fact that the date of service was missing on Krivka's return of service. After the trial, Hlavinka's attorney directed the process server to file an affidavit to account for the missing date. Once the process server filed the affidavit, Hlavinka obtained a default judgment against Krivka.

On June 11, 2008, Krivka filed a bill of review alleging he was not served with process in the underlying lawsuit. In his answer to the bill of review, Hlavinka asserted that the process server served Krivka on August 7, 2007, at 8:35 p.m. Attached to Hlavinka's answer was the process server's affidavit confirming the date and time of service and indicating that service took place at an address Krivka acknowledged to be his home address. On October 10, 2008, the trial court held a hearing. According to the trial court's subsequent findings of fact, the "purpose of the hearing was to establish if a Prima Facie case could be established by [Krivka] who was seeking the Bill of Review." During the proceedings, Krivka and his parents all testified that Krivka had been at his parents' house on the date and at the time when the alleged service took place and, therefore, could not have been at his home where the alleged service took place. On cross-examination, Hlavinka asked Krivka about a DTPA demand letter sent by Hlavinka's attorney from the underlying lawsuit. Krivka did not recall having received the letter. Hlavinka then handed Krivka the signature card for the demand letter, which had been sent by certified mail:

Q: Now, this is the actual green card itself. Does that look like your signature there?

A: Yes, it does.

Q: Okay. So this is the certified letter that [Hlavinka's attorney] sent you. What's the title of her letter?

. . . .

A: Notice of claim, Texas Deceptive Trade Practices Act, DTPA.

Q: It's your testimony to the Court today that you never got that letter?

A: Yes.

On redirect, Krivka tried to explain why he did not receive notice:

[I]n . . . September of 2006 I broke my foot and had to get an MRI which was done improperly. And then I had to subsequently go back for a second MRI.

And during that time, I got charged for both MRIs and took it up with my insurance company. I received—that first MRI that I did not pay for, I started receiving bill collections on that and had a file for bill collections and received a notification from a lawyer and put that in there. And if—if I did receive that, I would have assumed it was the same thing.

At the end of Krivka's testimony, Krivka "rest[ed] on the issue of [his] bill of review."

Hlavinka then called his attorney from the underlying lawsuit. She explained she had sent a DTPA demand letter to Krivka, the green card indicated to her that Krivka had received it, she prepared the petition against Krivka, and she obtained a judgment against Krivka. She also explained the date on Krivka's return of service had been left out by the process server, and in order to rectify the situation, she directed the process server to provide an affidavit indicating the exact date on which he served Krivka. The process server then testified. He identified Krivka as the man to whom, on August 7, 2007, at 8:35 p.m., he personally served notice of the lawsuit. He explained specifically why he remembered serving Krivka:

[W]hen I first went there I saw a real nice boat in the driveway. I knocked on the door, nobody answered. I left. Approximately a week later, I went by again, saw the boat but this time I saw a black pickup truck. Made a nice little set.

So when I knocked, I figured he was going to be there. So he answered the door, asked him for his—asked him if he was Kurt Krivka and he said, Yes. I said, Here you go. Got some papers to serve you. He accepted them and that was it.

He then explained how, on the officer's return section of the notice filed with the county clerk, he inadvertently omitted the date on which he personally served Krivka. However, he testified that he also filed a notarized affidavit of service stating he personally served Krivka in the time, place, and manner indicated above. Hlavinka then rested, and the trial court informed both parties it would "get back" to them on "whether or not the prima facie case had been made to proceed forward towards trial . . . ."

On October 23, 2008—thirteen days after the hearing—the trial court denied the bill of review and noted in its findings of fact that it did not find the testimony of Krivka, his mother, or his father to be credible, but found the testimony of the attorney from the underlying lawsuit and process server to be credible. Krivka timely filed a motion for new trial, and on November 21, 2008, the trial court held a hearing and subsequently denied the motion. This appeal followed.

## REBUTTAL EVIDENCE

In his first and second issues on appeal, Krivka argues the trial court denied him due process by denying him the right to present evidence to rebut the process server's testimony regarding a black truck in Krivka's driveway. In his fourth issue on appeal, Krivka asserts the trial court abused its discretion in refusing to admit the testimony. As support for his argument that he should be allowed to present the rebuttal evidence during the hearing on his motion for new trial, Krivka asserted that although he "rest[ed] on the issue of [his] bill of review" at the bill of review hearing, at "no time

did I say . . . we close the evidence." Therefore, Krivka concludes, "until the parties announce that the evidence is closed and they have no rebuttal, we have not completed the trial."

We conclude Krivka's claims are without merit. Krivka made no effort to present his rebuttal evidence at the bill of review hearing, made no proffer of any potential rebuttal evidence at the bill of review hearing, and never raised any objections with the trial court during the thirteen days after the hearing and prior to the court's denial of his bill of review. Because Krivka did not ask to present the evidence until after the court denied his bill of review, the court could not—and did not—deny him "his right" to present rebuttal evidence. Also, at the new trial hearing, Krivka did not argue that a refusal to allow him to present his rebuttal evidence was a due process violation. Because Krivka failed to inform the trial court of his desire to present rebuttal evidence in a timely fashion, Krivka's due process claims are waived. *See Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex. App.—Corpus Christi 1988, no writ) (absent trial counsel informing trial court of complaints now urged on appeal—for instance, by motion for continuance to obtain rebuttal evidence—complaints are waived). Moreover, because Krivka did not offer or make any proffer of his rebuttal evidence at the bill of review hearing, the trial court did not abuse its discretion in denying him the opportunity to offer the evidence at the new trial hearing.

## BILL OF REVIEW

In his third issue on appeal, Krivka argues the trial court erred in concluding that the hearing on his bill of review was "just a prima facie hearing." In the alternative, Krivka asserts he presented prima facie evidence that service of process was not completed, and thus the trial court should have granted his bill of review.

## A. Standard of Review

The grant or denial of a bill of review will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for the trial court's judgment. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Nor may a reviewing court set aside the trial court's determination unless it is clear from the record that the trial court could only reach one decision. *Id.* at 840.

## B. Bill of Review Proceedings

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id.* at 406-07. However, "plaintiffs claiming non-service . . . are relieved of two elements ordinarily required to be proved in a bill of review proceeding." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *see Tex. Indus., Inc. v. Sanchez*, 525 S.W.2d 870, 871 (Tex. 1975). First, if the bill of review plaintiff was not served, constitutional due process relieves him from the need to show a meritorious defense. *Caldwell*, 154 S.W.3d at 96; *Peralta v. Heights Med. Ctr., Inc.*, 108 S. Ct. 896, 900 (1988). Second,

the bill of review plaintiff is relieved from showing that fraud, accident, wrongful act or official mistake prevented him from presenting such a defense. *Caldwell*, 154 S.W.3d at 97; *Sanchez*, 525 S.W.2d at 871. However, the bill of review plaintiff still must prove by a preponderance of the evidence that the judgment was rendered unmixed with any fault or negligence of his own, and proof of non-service will conclusively establish this third element. *Caldwell*, 154 S.W.3d at 98; *see also Baker*, 582 S.W.2d at 409 (describing plaintiff's burden as "onerous"). Conditioned upon an affirmative finding that the bill of review plaintiff was not served, the trial court should allow the parties to revert to their original statuses as plaintiff and defendant with the burden on the original plaintiff to prove his or her case. *Caldwell*, 154 S.W.3d at 97-98.

Here, the trial court conducted a hearing "to establish if a Prima Facie case could be established by [Krivka] . . . ." Regardless of what the trial court called the proceeding, the court correctly applied *Caldwell* to a case involving a bill of review plaintiff claiming non-service: as finder-of-fact, the court held a hearing at which Krivka assumed the burden of proving non-service, and the court heard opening arguments and testimony from all witnesses present.

Krivka also asserts he presented prima facie evidence that he was not properly served. On appeal, Krivka does not elaborate on this argument; however, our review of the evidence presented at the bill of review hearing leads us to the conclusion that the trial court did not err in denying Krivka's bill of review. *See Zorilla v. Wahid*, 83 S.W.3d 247, 253 (Tex. App.—Corpus Christi 2002, no pet.) (appellate court views evidence in light most favorable to trial court's action, indulging every presumption in favor of judgment; if some probative and substantive evidence supports trial court's findings, trial court did not abuse its discretion).

## CONCLUSION

We overrule Krivka's issues on appeal and affirm the trial court's order.


Sandee Bryan Marion, Justice