COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSEPH HAMM, JESSICA C. HAMM, AND JENNIFER H. HAMM, | § | No. 08-08-00243-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | 143rd District Court |
| | § | |
| JOHN M. ROBINSON, HALL ROYALTY COMPANY, AND CIMAREX ENERGY COMPANY, | § | of Reeves County, Texas |
| | § | (TC# 07-10-18954-CVR) |
| Appellees. | § | |

**O P I N I O N**

Appellants, Joseph, Jessica, and Jennifer Hamm, appeal the trial court's summary judgment in favor of Appellees, John M. Robinson, Hall Royalty Company, and Cimarex Energy Company following the former's filing of a bill of review, challenging a termination judgment for lack of service. We reverse.

**BACKGROUND**

The heart of this case concerns who retains an interest in the land located in Reeves County, Texas, which was purchased by John C. Kinsley in 1923, based on the rules of descent and distribution. Therefore, we begin with a recitation of the applicable family trees.

In the mid-1800s, John H. Kinsley married Rebecca L. Kinsley, and the couple begot three children, Jennie Blanche Kinsley, John C. Kinsley, and Anna S. Kinsley. Although Anna died at age one, Blanche and John C. Kinsley survived. Presumably, John H. Kinsley predeceased Rebecca, and Rebecca died in 1932.

John C. Kinsley married Eva in 1915. Although John and Eva had no children together, Eva had two from a previous marriage, Wilbur Robinson and Edwina Sutherland. In 1942, John C.

Kinsley died intestate in Los Angeles, California, and in 1970, Eva died intestate in Indio, California. Edwina died without children in 1996, and Wilbur died intestate in 1963, survived by his only child, John M. Robinson (Appellee).

Although a marriage is not specifically found in the record, Blanche Kinsley's last name is referred to as Hamm in a trust document executed by Rebecca in 1930. She had three children, Howard K. Hamm, Rosalind Hamm, and Warren W. Hamm. Blanche died in 1955, leaving her assets by will in equal portions to Howard, Rosalind, and Warren Hamm. Howard Hamm later begot three sons, Warren H., Robert L., and Howard K. Hamm, Jr. Rosalind Hamm begot one son, John R. Harman, Jr., and Warren W. Hamm begot one son, Thomas Hamm. Of that generation, Warren H. Hamm had three children, Matthew, Eleanor, and Russell Hamm, and Thomas Hamm had three children, Joseph, Jessica, and Jennifer Hamm (Appellants).

*The Purchase of the Land, the Receivership, and the Termination*

As noted previously, John C. Kinsley married Eva in 1915. Eight years later, while residing in Illinois, John purchased a tract of land in Reeves County, Texas, from W. W. Dean. The deed named John C. Kinsley as the grantee and recited a consideration of $200 as the purchase price for the land. The deed was recorded with the Reeves County Clerk.

Several decades later, on May 4, 1999, Frontier Land Corporation, unable to locate John C. Kinsley or his heirs, filed a petition for appointment of a receiver for missing and unknown mineral owners, including John and Eva Kinsley, and their heirs. After serving the potential owners by publication in the Pecos Enterprise newspaper, which circulated in Reeves, Ward, and Loving counties, the district court, on July 28, 1999, appointed Randall Reynolds to represent the unknown owners as attorney ad litem. Reynolds filed an answer on behalf of all the owners, including any and all heirs of John and Eva Kinsley.

On August 6, 1999, the court heard Frontier's application for the appointment of a receiver for undivided mineral interests. The court found that all owners, including John and Eva Kinsley, and their heirs, appeared through their attorney, Reynolds. The court further found that after due diligence, those owners were unable to be located and were served by citation by publication, and that citation was duly returned. The court then appointed Tom Nance as receiver, and Nance, in turn, executed an oil and gas lease on the property on August 18, 1999, with Helmerich & Payne, Inc. (now Cimarex Energy Company). Cimarex subsequently drilled a well on the tract and paid royalties in separate accounts established for John and Eva Kinsley with the Reeves County District Clerk.

On March 24, 2006, John M. Robinson and Hall Royalty Company filed a motion to terminate the receivership and requested distribution of the assets in the receiver's possession. John Robinson claimed he was the rightful heir to the land, and Hall claimed an interest pursuant to a wellbore royalty conveyance executed by John Robinson, granting Hall 50 percent of his royalty interest until December 1, 2005, and 25 percent thereafter.[1]

The motion was served on Reynolds as attorney ad litem, and on June 8, 2006, Reynolds participated in the hearing on the same as counsel for all unknown heirs of John and Eva Kinsley. On July 27, 2006, the court entered an order declaring John Robinson owned the land and distributed $225,184.25 to Robinson, and $210,892.15 to Hall.

---

[1] Under Texas law, John Robinson would retain some ownership in the property regardless as to whether John C. Kinsley adopted Wilbur Robinson as his son or whether the property is characterized as community or separate property. According to the rules of intestate succession for community property, if a person dies without children, survived only by a spouse, the real property passes to the spouse. TEX. PROB. CODE ANN. § 45(a) (Vernon 2003). Upon that spouse's death, the property passes to her children. *Id*. at § 38(a)(1) (Vernon 2003). If any of those children die without issue or surviving spouses, the property passes to the other child and then to that child's descendants. *Id*. at § 38(a)(3). For non-community property, when a person dies leaving a spouse and no children, the spouse is entitled to one-half of the real property and the other half passes to the deceased's parents. *Id*. at § 38(b)(2). If the deceased's parents are no longer living, that half of the property passes to the deceased's siblings, and then to their children. *Id*. Because adopted children are considered lineal heirs in Texas, the rules of intestate succession do not change. *See* TEX. PROB. CODE ANN. § 40 (Vernon 2003).

*The Bill of Review*

Later, on October 22, 2007, Appellants filed a petition for bill of review, asserting an interest in the land and that they were entitled to notice of the termination hearing.[2] The affidavits from Joseph, Jessica, and Jennifer Hamm, each averred that in 2004, Hall informed them that as heirs of John C. Kinsley, they were potentially entitled to funds owed to him, and that Hall would not disclose the whereabouts of those assets unless they first signed a contract, conveying to Hall 50 percent of the funds plus 50 percent of the underlying mineral interest. The affidavits further stated that when Appellants refused Hall's offer, Hall ceased communication with them, leaving them to locate the property on their own, which they did not find until December 2006.

Appellants moved for summary judgment claiming, as interested owners in the land, they were entitled to be served with notice of the termination hearing since Hall knew their location in 2004, rather than such notice simply being served on the attorney ad litem. Appellees moved for summary judgment on no-evidence and traditional grounds, asserting first that Appellants had no interest in the land in that they failed to overcome the presumption of community property and there was no evidence the property was purchased with separate funds, and second that Appellants' interests were duly represented by the attorney ad litem making their claims of ownership in the land barred by res judicata. After a hearing, the court, without specifying what grounds summary judgment would be granted on, granted summary judgment in favor of Appellees.

**DISCUSSION**

On appeal, Appellants bring three issues. The first alleges that the trial court erred by denying their motion for summary judgment when they were never served with the motion to

---

[2] Appellants' potential ownership in the land is based on their claim that the land was John C. Kinsley's separate property. Tex. Prob. Code Ann. § 38(b)(2).

terminate the receivership, the second contends that the trial court erred in granting Appellees' no-evidence motion for summary judgment when Appellants presented prima facie proof that the property was John C. Kinsley's separate property, and the third asserts that the trial court erred by granting Appellees' traditional motion for summary judgment on grounds that their claims were barred on principles of res judicata. Finding the trial court erred by denying Appellants' motion for summary judgment, we determine Appellants' first issue is dispositive and need not address Appellants' remaining issues.

*Standard of Review*

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (*citing Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). The party seeking a bill of review must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Baker*, 582 S.W.2d at 406-07.

However, when a party claims non-service, he need not prove a meritorious defense or that fraud, accident, wrongful act, or official mistake prevented him from presenting such a defense. *Caldwell*, 154 S.W.3d at 96-97; *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (holding that the meritorious defense requirement in a bill of review proceeding violates due process where the bill of review plaintiff has no notice of the proceeding in which the default judgment was rendered); *Texas Industries, Inc. v. Sanchez*, 525 S.W.2d 870, 871 (Tex. 1975) (holding that proof of not having been served with citation obviates the necessity of pleading and proving that party was prevented from making his meritorious defense by fraud,

accident, or wrongful act of the opposite party). Rather, he simply must prove that the judgment was rendered unmixed with any fault or negligence of his own, which is conclusively established by proving he was never served with process. *Caldwell*, 154 S.W.3d at 97.

When a trial court grants summary judgment on a bill of review, we apply the general standard of review of a summary judgment. *See Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.–Houston [1st Dist.] 2006, no pet.); *Brown v. Vann*, No. 05-06-01424-CV, 2008 WL 484125, at *4 (Tex. App.–Dallas Feb.25, 2008, no pet.) (mem. op.) (cases reviewing summary judgment on bill of review). To prevail on a traditional summary-judgment motion, the movant bears the burden of proving that he is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When deciding whether a disputed, material fact issue precludes summary judgment, we take as true evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

*Application*

Appellants' first issue contends that the trial court erred by denying their motion for summary judgment on grounds that they were never served. Appellants' sole basis in filing the bill of review was that they, believing they owned an interest in the land based on representations made by Hall in 2004, should have been served with notice of the termination and distribution of the assets. Although Appellants recognize that an attorney ad litem represented John C. Kinsley's unknown heirs' potential interests in the receivership and termination hearings, they, citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), argue that such representative notice for them was incompatible with the requirements of due process when Hall

previously contacted them and knew their location.[3]  In other words, Appellants contend they were entitled to individual notice when Appellees filed their motion to terminate so that they could obtain their own counsel and represent themselves at the termination hearing.

Initially, we address whether the non-service issue should have gone to the jury.  As noted before, to be entitled to a traditional summary judgment, there must be no genuine issues of material fact.  TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Institute v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).  In *Caldwell*, the parties, at the bill-of-review hearing, contested whether the named defendant in the original law suit was actually served.  *Caldwell*, 154 S.W.3d at 96. The defendant claimed that he was not, attaching various affidavits to his bill of review that showed he was not at the location the process server claimed on the day he was allegedly served.  *Id*.  Finding a material question of fact as to whether the defendant was actually served, the Supreme Court determined that the contested issue of service should have been submitted to a jury, rather than decided by the trial court in a pretrial proceeding.  *Id*. at 97-98.

However, we are not presented with a case concerning whether Appellants were ever personally served with notice of the termination proceedings.  Indeed, it is undisputed that they were not.  Instead, we are asked to determine whether Appellants were entitled to individual notice once Hall knew their location, despite the attorney ad litem's appointment.  This is not a question of material fact, but of law, and therefore, the issue was properly submitted on summary judgment. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995); *Koelsch v. Indus. Gas Supply Corp.*, 132 S.W.3d 494, 497 (Tex. App.–Houston [1st Dist.] 2004, pet. denied) (when a question of law, rather than a question of fact, is presented, the trial court may properly render

---

[3]  We note that at the termination hearing, Hall acknowledged that it previously contacted Appellants but later determined they did not own an interest in the land.

summary judgment).

We now turn to whether Appellants were entitled to notice. As an elementary and fundamental requirement, our system of justice comprehends due process to include notice and an opportunity to be heard by interested parties to the action. *See Peralta*, 485 U.S. at 84; *Mullane*, 339 U.S. at 313-14; *Ex parte Peterson*, 444 S.W.2d 286, 288-89 (Tex. 1969). Indeed, in any proceeding that is to be accorded finality, due process requires that interested parties receive notice reasonably calculated, under the circumstances, to apprise them of the pendency of the action and afford them the opportunity to present their objections. *Peralta*, 485 U.S. at 84; *Mullane*, 339 U.S. at 314-15; *Dispensa v. Univ. State Bank*, 987 S.W.2d 923, 926 (Tex. App.–Houston [14th Dist.] 1999, no pet.). Failure to give adequate notice violates "the most rudimentary demands of due process of law." *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

Under the circumstances presented in this case, we find that Appellants were entitled to notice. They, as John C. Kinsley's heirs, may have a potential interest in the property, and therefore, any proceedings or judgments concerning that property necessarily affect that potential interest. Accordingly, Appellants were entitled to an opportunity to present their objections. *See Peralta*, 485 U.S. at 84 (interested parties are entitled to notice for purposes of presenting their objections when those interests are affected by a proceeding that is to be accorded finality). As their whereabouts were known by the opposing party seeking to terminate the receivership, we conclude that Appellants were entitled to notice of the termination. *See Mullane*, 339 U.S. at 318 ("[w]here the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.").

Nevertheless, Appellees argue that Appellants' interests were represented by an attorney ad

litem at the termination hearing and thus service on him was sufficient. However, according to the court order appointing the receiver and attorney ad litem, the latter was only appointed to represent any unknown heirs of John C. Kinsley. Hall then chose to locate various heirs and found them. Because Hall, an opposing party who filed the motion to terminate the receivership, knew Appellants were heirs of John C. Kinsley and their whereabouts, he cannot claim that service on the attorney ad litem, who was solely appointed to represent unknown heirs, was reasonably calculated notice. *See Peralta*, 485 U.S. at 84 (due process requires an interested party to be served with reasonably calculated notice).

Appellees also argue that since they determined Appellants lacked an interest in the land, Appellants were not entitled to notice. Whether Appellants owned an interest in the land was an issue to be determined by the fact finder after notice was had on all potential and known interested parties, not for Hall to preliminarily determine on its own. As Hall knew Appellants' whereabouts at the time it filed the motion to terminate the receivership, we believe Hall was required to give notice to Appellants. *See In the Matter of Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App.–Amarillo 1982, no writ) (holding individual entitled to notice when his name and address are known, and his legal interests are directly affected by the proceedings in question).

Accordingly, we conclude that Appellants, as a matter of law, were entitled to notice. As Appellants were never served, we need not determine whether they had a meritorious defense or that fraud, accident, wrongful act, or official mistake prevented them from presenting such a defense. *Peralta*, 485 U.S. at 86-87; *Caldwell*, 154 S.W.3d at 96-97; *Sanchez*, 525 S.W.2d at 871. Further, having established that they were never served with process, we conclude that the judgment was rendered unmixed with any fault or negligence of Appellants. *Caldwell*, 154 S.W.3d at 97. Therefore, Appellants were entitled to summary judgment on their petition for bill of review as a

matter of law, and the trial court erred by failing to grant the same.  Issue One is sustained.

## CONCLUSION

Having sustained Appellants' first issue, we reverse the judgment of the trial court and remand for further proceedings.


GUADALUPE RIVERA, Justice

April 30, 2010

Before Chew, C.J., McClure, and Rivera, JJ.